# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

CHELSEA GILLIAM, *et al.*,

      Plaintiffs,

v.                                                    Civil Action No. 1:23-cv-1047

DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONAL SERVICES, *et al.*,

      Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **DECLARATION OF KENNEDY HOLLAND**

I, Kennedy Holland, testify to the following:

1. That I am over the age of 18 years old and am competent to testify.

2. I was previously incarcerated at Eastern Correctional Institution (ECI), Maryland Correctional Institution-Hagerstown (MCIH), Maryland Correctional Institution-Jessup (MCIJ), Maryland Reception, Diagnostic and Classification Center (MRDCC) and Baltimore City Correctional Center (BCCC) from 2018 to 2023.

3. As a transgender woman with gender dysphoria, I submitted Administrative Remedy Procedures (ARPs) about my treatment at many of those institutions, including MCIH and ECI.

4. I submitted these ARPs between June 2021 and March 2023.

5. In these ARPs, I described my complaints related to harassment, being deprived of showers, and incidents I endured in administrative segregation.

6. I have attached copies of many of these ARPs to this Declaration.

7. While staff at MCIH and ECI acknowledged receipt of some of these ARPs, there was no formal decision on any of them other than being dismissed for procedural reasons.

8. As a result, I had no formal decision to appeal and bring to the Inmate Grievance Office.

9. Even if I could appeal a non-decision, I was not given the appeal forms or proper instructions on how to appeal a non-decision.

10. Verbal complaints about my treatment were ignored by staff at [insert facility name], and I was left without a process to challenge my situation within [insert facility name].

11. My PREA complaints were routinely intercepted by the facility PREA Coordinator at every facility I was housed at.

12. At no point was I contacted by outside PREA investigators.

13. When I tried to file a PREA complaint about the officer opening the shower door to expose me at MCIH, the PREA coordinator said that it was "not serious" enough to make a PREA complaint and that they handled such complaints "in-house" at MCIH.

14. While I was in administrative segregation at ECI, I tried to submit an ARP about how housing me in administrative segregation was wrong.

15. During my incarceration, I had to completely rely on guards to obtain and submit ARP forms. I was either not given those forms or the forms were not properly submitted by guards once they were completed.

16. At inmate orientation, ARPs are never explained, and nobody told me how the system is supposed to function.

17. Throughout my time in DPSCS custody, I was routinely threatened by officers to sign off on withdrawing ARPs.

18. I was told to drop the ARPs "or else."

19. I have reviewed this declaration with counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed February 8, 2024

Kennedy Holland