IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHELSEA GILLIAM, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. MJM-23-01047 |
| DEPARTMENT OF PUBLIC SAFETY & CORRECTIONAL SERVICES, *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*

### AFFIDAVIT OF ACTING ASSISTANT WARDEN CORY WALKER

I, Cory Walker, being competent to testify, hereby affirms as follows:

1. I am currently employed by the Maryland Department of Public Safety and Correctional Services ("DPSCS") as the Case Management Supervisor at the North Branch Correctional Institution ("NBCI"), a correctional facility of the Maryland Department of Public Safety and Correctional Services ("DPSCS"). I was previously employed as the Acting Assistant Warden at NBCI. Therefore, I have been employed in a supervisory position at NBCI at the time of the events alleged in the Motion to Enforce Temporary Restraining Order and Preliminary Injunction in the above-captioned action filed by incarcerated individual ("II") Plaintiff Chloe Grey, SID 3172627.

2. My responsibilities include assisting in the case management operations of all incarcerated individuals at NBCI. I also have personal knowledge regarding NBCI and its operations.

3. Ms. Grey is gender dysphoric and identifies and presents as female.

4. On December 18, 2023, Ms. Grey was transferred to NBCI from Patuxent Institution after DPSCS officials conducted a case-by-case housing analysis of the housing of Ms. Grey pursuant to Executive Directive OPS.131.0001 "Identification, Treatment, and Correctional Management of an Inmate Diagnosed with Gender Dysphoria."

5. NBCI is a male facility, but it successfully houses multiple gender dysphoric incarcerated individuals. NBCI is a Max II security prison, but it houses

**Exhibit A**

all security levels and provides significant resources to its incarcerated individuals, including programming, education, and work program opportunities.

6. When Ms. Grey first arrived to NBCI, she was assigned to the administrative segregation unit because of her previous adjustments issued at Patuxent.

7. Ms. Grey has remained on administrative segregation to this date because she had previously articulated possible concerns for her safety if she were to be transferred to general population. However, NBCI staff are working to find a suitable placement for her within general population that would address her concerns as well as fit our operational requirements.

8. NBCI conducts weekly multidisciplinary segregation review meetings, which generally include representatives from case management, custody, social work, psychology, and intelligence departments, to discuss the status and needs of the incarcerated individuals who are currently assigned to administrative or disciplinary segregation.

9. Ms. Grey's requests and concerns have been discussed during these meetings and NBCI staff have been attentive to her requests.

10. Upon her transfer to NBCI, Ms. Grey received or was allowed to keep all of her allowable property, including feminine clothing and products, per the Department's property policy. While on administrative segregation, Ms. Grey is permitted to request and purchase an alarm clock or a calendar as provided through the commissary.

11. Ms. Grey received a tablet on February 23, 2024 and has had access to that tablet while on administrative segregation. I have personally reviewed text messages sent from Ms. Grey from that tablet. However, even without a tablet, Ms. Grey would be able to submit any Prison Rape Elimination Act ("PREA") complaints by using the wall phone on her tier.

12. Further, Ms. Grey is not being denied access to her legal materials or the ability to communicate or attend meetings with her attorneys while she has been housed in administrative segregation at NBCI.

13. Ms. Grey has the ability to have her complaints and concerns documented and addressed through the Administrative Remedy Procedure ("ARP") while in administrative segregation and NBCI staff have not refused to provide her ARP forms or prevent her from filing any complaints in any way.

14. As of today's date, Ms. Grey has not submitted any complaints against the named or unnamed individuals identified in her motion.

15. Staff have been advised of Ms. Grey's preferred name and pronouns and to use appropriate language to refer to her and interact with her.

16. Since her arrival to NBCI, I have not personally engaged in any type of retaliatory behavior or harassment towards Ms. Grey, nor am I aware of any staff members at NBCI doing so.

17. I am aware of this Court's Order instructing the Department to provide Ms. Grey with "any over-the-counter facial hair inhibitor product that is a reasonable replacement for the facial hair inhibitor cream Plaintiff has been prescribed, provided that any such over-the-counter facial hair inhibitor product is available to DPSCS." NBCI staff have not identified any over-the-counter facial inhibitor product that is available under the allowable property matrix for women or available in the commissary. NBCI officials are aware that Nair Hair Removal Baby Oil used to be included in the women's commissary menu, but it was removed several months ago due to its potential misuse as a weapon. The policy states that "any item not clearly approved by this document or not made available through the commissary is prohibited." ECF 85-4. Therefore, Ms. Grey has not been provided an over-the-counter facial hair inhibitor product as of the date of this affidavit.

18. I am also aware that the Order required Ms. Grey to be provided with razors in accordance with DPSCS policy. According to the property matrix, incarcerated individuals on administrative segregation are only issued or loaned razors at the Warden's discretion. *Id.* Currently, Ms. Grey is on administrative segregation and is allowed access to a razor during her shower days.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 11, 2024

*CWalker*
Cory Walker
Case Management Supervisor, North
Branch Correctional Institution

**Exhibit A**

3



# Department of Public Safety and Correctional Services

**DIVISION OF CORRECTION**
**North Branch Correctional Institution**
14100 McMullen HIGHWAY, SW • CUMBERLAND, MARYLAND 21502
(301) 729-7400 • FAX (301) 729-1259 • TTY USERS 1-800-735-2258 • www.dpscs.maryland.gov

STATE OF MARYLAND

WES MOORE
GOVERNOR

ARUNA MILLER
LT. GOVERNOR

CAROLYN J. SCRUGGS
SECRETARY

ANTHONY A. GASKINS
CHIEF OF STAFF

JOSEPH SEDTAL
ACTING DEPUTY SECRETARY
ADMINISTRATION

ANNIE D. HARVEY
DEPUTY SECRETARY
OPERATIONS

ANGELINA GUARINO
ASSISTANT SECRETARY
DATA, POLICY AND GRANTS

RENARD E. BROOKS
ASSISTANT SECRETARY
PROGRAMS, TREATMENT &
RE-ENTRY SERVICES

## MEMORANDUM

**TO:** Department Heads and Shift Commanders

**FROM:** Jeff Nines, Warden     *[signature]*

**DATE:** November 9, 2023

**SUBJECT:** Delegation of Authority

I will be out of the institution and acting Assistant Commissioner of the West Region beginning Friday December 1, 2023, unit Monday, December 18, 2023.

As required by COMAR, during my absence from the institution, I am delegating Assistant Warden, Keith Arnold as Acting Warden and the Appointed Authority during this time. He will have full authority in cases of personnel and/or disciplinary actions. The Duty Officer schedule will remain unchanged. Mr. Arnold's contact information is as follows if needed:

        Office #:   301-729-7505
        Cell #:     410-961-9649
        Home #:  301-478-5452

Additionally, Cory Walker will be designed as acting Assistant Warden during this time, and will assume all assistant warden duties. Mr. Walker's contact information is as follows if needed:

        Office #:   301-729-7542
        Cell #:     240-362-8853

JN/bl

cc: DSO Harvey                            Chief Stotler
    Commissioner Morgan          Wardens- MCI-H, MCTC
    Dep. Commissioner Dickens           RCI, WCI
    Asst. Commissioner Bishop           File

# Exhibit A