IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHELSEA GILLIAM, *et al.*, | * | |
|     *Plaintiffs*, | * | |
| v. | * | Civil Action No. MJM-23-1047 |
| DEPARTMENT OF PUBLIC SAFETY & CORRECTIONAL SERVICES, *et al.*, | * | |
| | * | |
|     *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

Plaintiffs respectfully request leave, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, to amend the operative complaint (ECF No. 46) and file the proposed Fourth Amended Complaint (the "FAC"). A copy of the proposed FAC is attached as Exhibit A, and a redlined version is attached as Exhibit B.

The FAC does not add substantive allegations or new parties. Instead, it is a natural extension of compliance with the Maryland State Tort Claims Act ("MTCA"), which requires—before plaintiffs may institute an action against the state of Maryland—that plaintiffs submit a written claim to the Maryland State Treasurer within 1 year after the injury and the Treasurer denies the claim. Md. Code Ann., State Gov't § 12-106 (West 2017); § 12-107(d)(1) (West 2023) (stating that a claim is denied upon written notice of the denial or failure to issue a final decision within six months of submitting the claim). It has been more than six months since Ms. Grey submitted her claim to the Treasurer, and she has not received a final decision. Ms. Holland similarly complied with the MTCA and received a written notice of denial on May 23, 2024. Ex.

C, Letter from Treasurer, May 21, 2024. As a result, the FAC adds Plaintiff Kennedy Holland and Plaintiff Chloe Grey to Counts X and XI alleging violations of state tort claims.

Rule 15(b) of the Federal Rules of Civil Procedure provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15 (a)(2). On June 4, 2024, pursuant to Local Rule 103.6(d), Plaintiffs sought Defendants' consent to file the FAC or, in the alternative, toll the statute of limitations on Ms. Holland and Ms. Grey's tort claims until after this Court issues a decision on the pending Motion to Dismiss. Ex. D, Emails between Counsel re Consent to Amend Complaint, June 4-12, 2024, at 2. On June 12, 2024, Defendants declined. *Id.* at 1. Thus, Plaintiffs now seek the Court's leave to file the FAC.

Leave to amend a pleading "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation and internal quotation marks omitted). If this Court is persuaded that "no prejudice will accrue, the amendment should be allowed." *Haughie v. Wexford Health Sources, Inc.*, No. 18-cv-3963, 2020 WL 1158568, at *11 (D. Md. Mar. 9, 2020) (granting motion to amend because it was "in the interests of justice, not prejudice to defendants, and not necessarily futile"). Although the decision whether to grant leave falls within the discretion of this Court, the federal rules "strongly favor granting leave to amend." *Medigen of Ky., Inc. v. Pub. Serv. Comm'n*, 985 F.2d 164, 167–68 (4th Cir. 1993).

Here, Plaintiffs' amendment will not cause undue delay or undue prejudice, is not futile, and is not sought in bad faith, thus leave to file the FAC should be granted.

First, filing the FAC will not unfairly prejudice the Defendants. "An amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980). Discovery has not been conducted and the FAC adds no additional claims or defendants. Defendants have had notice of the facts upon which the amendments rely. *See Davis*, 615 F.2d at 613 ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case."). Defendants can mount the same legal arguments against the FAC that they advanced under the Third Amended Complaint. Indeed, in Defendants' Motion to Dismiss, they challenge the substance of Counts X and XI in a single paragraph with an argument that would not be changed by the addition of Plaintiffs Grey and Holland to those claims. *See* ECF 87-2 at 37. Neither does Defendants' immunity defense change. *See id.* at 37-39. Because the amendments "arise from the same controversy as the balance of the complaint," and "the statute of limitations had not yet barred [Plaintiffs] from asserting any parallel claims based upon these factual allegations against the Defendants, their inclusion in this lawsuit promotes judicial economy given that all of the legal issues would be identical." *Edwards*, 178 F.3d at 243. The FAC would not be prejudicial to the Defendants.

Defendants stated that their grounds for denying consent to amend was that the amendment is too late and would be futile. Ex. D at 1. Plaintiffs sought leave to amend within weeks of receiving the Treasurer's denials. Even so, "[d]elay alone . . . is an insufficient reason to deny the plaintiff[s'] motion to amend." *Laber*, 438 F.3d at 427 (citing *Davis*, 615 F.2d at 613) (stating that a district court may not deny a motion to amend simply because it has already

decided on a motion to dismiss or for summary judgment); *see also Davis*, 615 F.2d at 613 (finding that a four month delay, without any specific resulting prejudice or sign of intention to harass the opponent, was not a reason for denial). Neither is the FAC futile. "Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (citing *Davis*, 615 F.2d at 613). Plaintiffs' proposed FAC does not suffer from futility. For the same reasons Plaintiffs allege Ms. Gilliam has sufficiently pleaded Counts X and XII, the same goes for Ms. Holland and Ms. Grey. In fact, because it is a required procedural step for filing tort claims against the state of Maryland, it is the opposite of futile—it is compliance with statutory requirements. For this same reason, Defendants cannot argue that the amendment is being made in bad faith. *See Laber*, 438 F.3d at 428 (finding that there was no indication an amendment was in bad faith where the amended claim could not have been added to the original claim because of legal developments).

Accordingly, this Court should grant Plaintiffs' motion for leave to file the FAC.

Dated: June 13, 2024                                                   Respectfully submitted,

                                                                                     /s/
Eve L. Hill (Bar No. 19938)
Sharon Krevor-Weisbaum (Bar No. 04773)
Jessica P. Weber (Bar No. 17893)
Lauren A. DiMartino (Bar No. 22046)
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
(410) 962-1030 (phone)
(410) 385-0869 (fax)
ehill@browngold.com
skw@browngold.com
jweber@browngold.com
ldimartino@browngold.com

4

                                        Deborah M. Golden (Bar No. 18657)
                                        The Law Office of Deborah M. Golden
                                        700 Pennsylvania Ave. SE, 2nd Floor
                                        Washington, DC 20003
                                        202-630-0332 (phone)
                                        dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*