

**CANDACE MCLAREN LANHAM**
*Chief Deputy Attorney General*

**CAROLYN A. QUATTROCKI**
*Deputy Attorney General*

**LEONARD J. HOWIE III**
*Deputy Attorney General*

**CHRISTIAN E. BARRERA**
*Chief Operating Officer*

**ZENITA WICKHAM HURLEY**
*Chief, Equity, Policy, and Engagement*

**PETER V. BERNS**
*General Counsel*

**STUART M. NATHAN**
*Assistant Attorney General*
*Principal Counsel*

**MICHAEL O. DOYLE**
*Assistant Attorney General*
*Deputy Counsel*

**ELISE BALKIN ICE**
*Assistant Attorney General*
*Deputy Counsel*

TELECOPIER NO.
(410) 484-5939

WRITER'S DIRECT DIAL NO.

**ANTHONY G. BROWN**
*Attorney General*

STATE OF MARYLAND
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONAL SERVICES
*6776 Reisterstown Road, Suite 313, Baltimore, Maryland, 21215*

July 19, 2024

**VIA ELECTRONIC MAIL/CM/ECF**
Honorable Matthew J. Maddox
United States District Judge
101 West Lombard Street
Chambers 3B
Baltimore, MD 21201

RE:   *Gilliam et al. v. DPSCS, et al.* **(Chloe Grey) (No. 1:23-cv-01047-MJM)**

Dear Judge Maddox:

Defendants respectfully submit this letter to inform the Court that Defendants have complied with its June 28, 2024, Order (ECF No. 119).

First, Defendants have complied with the Order's directive to DPSCS to "immediately instruct staff at North Branch Correctional Institution that, per Order of this Court, they must not to take any retaliatory action against Ms. Grey for her participation in this litigation, communicating or meeting with her attorneys, or submitting administrative complaints." (ECF No. 119). Keith Arnold, Warden of North Branch Correctional Institution ("NBCI") spoke to staff of Housing Unit One (Ms. Grey's current housing unit), and addressed all NBCI staff to advise them to remain fair, firm and impartial to Ms. Grey at all times. Warden Arnold further reminded staff that retaliatory behavior will not be tolerated and, if found, will be dealt with in accordance with the DPSCS Code of Standards.

Second, Defendants have complied with the June 28, 2024, Order's command that "[t]he Department of Public Safety and Correctional Services ("DPSCS") shall, within twenty-one (21) days of the date of this Order, conduct a re-assessment of Plaintiff's housing placement consistent

with DPSCS Executive Directive no. OPS.131.0001, titled "Identification, Treatment and Correctional Management of an Inmate Diagnosed with Gender Dysphoria," to determine whether to place Plaintiff in a facility designated for women. …" (ECF No. 119).

On July 9, 2024 and July 15, 2024, DPSCS convened meetings consisting of Keith Dickens, Deputy Commissioner; Laura Armstead, Assistant Commissioner, East Region; Jeff Nines, Assistant Commissioner, West Region; Dr. Oscar Jerkins, Chief Medical Director, Office of Clinical Services; Dr. Bevin Merles, Deputy Director, Mental Services; Bethany Cornachia, Assistant Warden, NBCI; Keith Arnold, Warden, NBCI; Geneva Holland, Warden, Maryland Correctional Institution for Women ("MCI-W"); Tikya Parker, Assistant Warden, MCI-W; Vivian Staten, Security Chief, MCI-W; April Peterson, Case Mgt. Supv., MCI-W; and Funsho Oparinde, DPSCS Assistant PREA Coordinator, to re-assess whether to place Ms. Grey in a facility designated for women using the factors contained in DPSCS Executive Directive no. OPS.131.0001, titled "Identification, Treatment and Correctional Management of an Inmate Diagnosed with Gender Dysphoria" (the "Directive").

In accordance with the Directive and this Court's Order, before the meeting on July 9, 2024, case management staff at NBCI asked Ms. Grey to document in writing her opinions concerning her safety for the following institutions: MCI-W, NBCI, Western Correctional Institution, Chesapeake Detention Facility, Maryland Reception Diagnostic and Classification Center, Patuxent Institution, and Jessup Correctional Institution. Ms. Grey indicated that she would feel safest at MCI-W compared to any male facility and that she felt that she would have the greatest access to programs and job opportunities at MCI-W.

Pursuant to the Directive, this team conducted the "case-by-case" housing assessment that seriously considered Ms. Grey's personal opinion regarding her safety, as well as Ms. Grey's biological gender presentation and appearance, Ms. Grey's mental health needs, and the safety, security, and operational needs of the institution. Following the re-assessment, having considered all factors pursuant to the Directive, as well as this Court's Order, DPSCS ultimately decided that Ms. Grey should not be transferred to MCI-W. Especially given Ms. Grey's adjustment history, including violations of institutional policies and procedures and her past violations of the PREA policy, the team concluded that a possible transfer of Ms. Grey could invite significant security risks for both the MCI-W population and Ms. Grey. The consensus was that Ms. Grey's placement at MCI-W would likely cause functional disruption and significant operational concerns among its entire prison population and, despite Ms. Grey's opinion that she would be safest among MCI-W population, potentially invite a risk of injury to Ms. Grey due to specific concerns regarding the population at that institution.

Because DPSCS staff have determined that Ms. Grey should not be housed at MCI-W at this time, DPSCS staff will consider Ms. Grey's opinions regarding her safety concerns at the other named institutions when they conduct further meetings regarding Ms. Grey's housing placement. Ms. Grey's housing placement status is an ongoing process and will be re-assessed in accordance with the Directive whenever DPSCS considers a potential transfer or, at minimum, every six months pursuant to PREA 115.42. The determination of Ms. Grey's housing placement is subject to change as Ms. Grey's circumstances or other outside circumstances change, and will remain a case-by-case individualized analysis pursuant to the Directive.

Thank you for your attention to this matter.

                                            Respectfully submitted,

                                            /s/ Merrilyn E. Ratliff
                                            **Merrilyn Ratliff**
                                            **Kelly M. Donoho**
                                            **Assistant Attorneys General**
                                            **OFFICE OF THE ATTORNEY GENERAL**
                                            6776 Reisterstown Road, Suite 313
                                            Reisterstown, MD 21215
                                            (443) 635-3603
                                            merrilyn.ratliff@maryland.gov
                                            kelly.donoho@maryland.gov
                                            *Attorneys for Defendants*

cc. Counsel of Record