## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **CHELSEA GILLIAM, et al.,** | |
| *Plaintiffs,* | |
| **v.** | **Case No. 1:23-CV-1047** |
| **DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES, et al.** | |
| *Defendants.* | |

## <u>DEFENDANT YESCARE CORP.'S, ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT</u>

Defendant YesCare Corp., by and through its undersigned attorneys, Megan T. Mantzavinos, and Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., hereby answers Plaintiffs' Fourth Amended Complaint and states:

## <u>INTRODUCTION</u>

1. Defendant admits that Plaintiffs are transgender and have gender dysphoria. Defendants deny not providing necessary medical treatment to Plaintiffs.

2. Denied.

## <u>PARTIES, JURISDICTION AND VENUE</u>

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. The allegations in this Paragraph are not directed to Answering Defendant, and therefore no response is required.

13. The allegations in this Paragraph are not directed to Answering Defendant and therefore no response is required.

14. The allegations in this Paragraph are not directed to Answering Defendant and therefore no response is required.

15. The allegations in this Paragraph are not directed to Answering Defendant and therefore no response is required.

16. The allegations in this Paragraph are not directed to Answering Defendant and therefore no response is required.

17. The allegations in this Paragraph are not directed to Answering Defendant and therefore no response is required.

18. The allegations in this Paragraph are not directed to Answering Defendant and therefore no response is required.

19. The allegations in this Paragraph are not directed to Answering Defendant and therefore no response is required.

20. The allegations in this Paragraph are not directed to Answering Defendant and therefore no response is required.

21. The allegations in this Paragraph are not directed to Answering Defendant and therefore no response is required.

22. The allegations in this Paragraph are not directed to Answering Defendant and therefore no response is required.

23. The allegations in this Paragraph are not directed to Answering Defendant and therefore no response is required.

24. The allegations in this Paragraph are not directed to Answering Defendant and therefore no response is required.

25. The allegations in this Paragraph are not directed to Answering Defendant and therefore no response is required.

26. The allegations in this Paragraph are not directed to Answering Defendant and therefore no response is required.

27. The allegations in this Paragraph are not directed to Answering Defendant and therefore no response is required.

28. The allegations in this Paragraph are not directed to Answering Defendant and therefore no response is required.

29. The allegations in this Paragraph are not directed to Answering Defendant and therefore no response is required.

30. The allegations in this Paragraph are not directed to Answering Defendant and therefore no response is required.

31. Answering Defendant is without knowledge or information sufficient to enable it to form a belief about the truth of the averments in this Paragraph.

32. Answering Defendant is without knowledge or information sufficient to enable it to form a belief about the truth of the averments in this Paragraph and they are therefore denied.

33. Answering Defendant is without knowledge or information sufficient to enable it to form a belief about the truth of the averments in this Paragraph and they are therefore denied.

34. Answering Defendant is without knowledge or information sufficient to enable it to form a belief about the truth of the averments in this Paragraph and they are therefore denied.

35. Answering Defendant is without knowledge or information sufficient to enable it to form a belief about the truth of the averments in this Paragraph and they are therefore denied.

36.  Answering Defendant is without knowledge or information sufficient to enable it to form a belief about the truth of the averments in this Paragraph and they are therefore denied.

37. It is admitted that YesCare has been contracted to provide medical healthcare services to inmates in the custody of DPSCS, including those housed at WCI and Patuxent, since May 5, 2022.  It is denied that YesCare is contracted to provide mental health services at any correctional facility in Maryland, including WCI and Patuxent.

38. The allegations in this Paragraph are conclusions of law to which no response is required.  Defendant does not dispute the subject matter jurisdiction of this Court over the subject matter of the Complaint.

39. The allegations in this Paragraph are conclusions of law to which no response is required.  Defendant does not dispute the subject matter jurisdiction of this Court over the subject matter of the Complaint.

40. The allegations in this Paragraph are conclusions of law to which no response is required.  Defendant does not dispute that venue in this Court is proper.

41. The allegations in this Paragraph are conclusions of law to which no response is required.

42. The allegations in this Paragraph are conclusions of law to which no response is required.

43. The allegations in this Paragraph are conclusions of law to which no response is required.

## STATEMENT OF FACTS

44. Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the averments in this Paragraph.

45. Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the averments in this Paragraph.

46. Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the averments in this Paragraph.

47. Answering Defendant denies the allegations of paragraph 45. Ms. Gillam was not denied hormone treatment as is evidenced in her medical records. Ms. Gillam received Estradiol valerate or Delestrogen weekly. (medical records state BCBIC)

48. Answering Defendant denies the allegations of Paragraph 46. Ms. Gilliam was provided accommodations which included her ability to shower separately from male inmates.

49. Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the averments in this Paragraph.

50. Answering Defendant admits, upon information and belief, that Ms. Gilliam was in administrative segregation for a period of time.  Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the remaining allegations in this Paragraph.

51.  Admitted upon information and belief.

52. Answering Defendant denies that it denied any therapy or medications to Ms,. Grey during her incarceration.  Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the remaining allegations in this Paragraph.

53. Denied as to Answering Defendant.

54. Admitted to the extent that any sexual assaults have been documented.  Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the allegations in this Paragraph.

55. Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the averments in this Paragraph.

56. Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the averments in this Paragraph.

57. Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the averments in this Paragraph.

58. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 58.

59. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 59.

60. Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the averments in this Paragraph.

61. Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the averments in this Paragraph.

62. Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the averments in this Paragraph.

63. Admitted.

64. The statements of this Paragraph pertain entirely to written documents. To the extent that these statements accurately reflect the contents of Plaintiff Holland's medical record, they are admitted; otherwise, they are denied as stated.

65. Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 65.

66. Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 66.

67. Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 67.

68. Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the averments in this Paragraph.

69. Answering Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the averments in this Paragraph.

70. The statements of this Paragraph pertain entirely to a written document. To the extent that these statements accurately reflect the contents of that document, they are admitted; otherwise, they are denied.

71. The statements of this Paragraph pertain entirely to a written document. To the extent that these statements accurately reflect the contents of that document, they are admitted; otherwise, they are denied.

72. The statements of this Paragraph pertain entirely to a written document. To the extent that these statements accurately reflect the contents of that document, they are admitted; otherwise, they are denied.

73. The statements of this Paragraph pertain entirely to a written document. To the extent that these statements accurately reflect the contents of that document, they are admitted; otherwise, they are denied.

74. The statements of this Paragraph pertain entirely to a written document. To the extent that these statements accurately reflect the contents of that document, they are admitted; otherwise, they are denied.

75. The statements of this Paragraph pertain entirely to a written document. To the extent that these statements accurately reflect the contents of that document, they are admitted; otherwise, they are denied.

76. The statements of this Paragraph pertain entirely to a written document. To the extent that these statements accurately reflect the contents of that document, they are admitted; otherwise, they are denied.

77. The statements of this Paragraph pertain entirely to a written document. To the extent that these statements accurately reflect the contents of that document, they are admitted; otherwise, they are denied.

78. The statements of this Paragraph pertain entirely to a written document. To the extent that these statements accurately reflect the contents of that document, they are admitted; otherwise, they are denied.

79. The statements of this Paragraph pertain entirely to a written document. To the extent that these statements accurately reflect the contents of that document, they are admitted; otherwise, they are denied.

80. The statements of this Paragraph pertain entirely to a written document. To the extent that these statements accurately reflect the contents of that document, they are admitted; otherwise, they are denied.

81. The statements of this Paragraph pertain entirely to a written document. To the extent that these statements accurately reflect the contents of that document, they are admitted; otherwise, they are denied.

82. The statements of this Paragraph pertain entirely to a written document. To the extent that these statements accurately reflect the contents of that document, they are admitted; otherwise, they are denied.

83. The statements of this Paragraph pertain entirely to a written document. To the extent that these statements accurately reflect the contents of that document, they are admitted; otherwise, they are denied.

84. The statements of this Paragraph pertain entirely to a written document. To the extent that these statements accurately reflect the contents of that document, they are admitted; otherwise, they are denied.

85. The statements of this Paragraph pertain entirely to a written document. To the extent that these statements accurately reflect the contents of that document, they are admitted; otherwise, they are denied.

86. Answering Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 86 as they pertain to them, and therefore denies the same.

87. Answering Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 87, and therefore denies the same.

88. Answering Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 88, and therefore denies the same.

89. Answering Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 89, and therefore denies the same.

90. Answering Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 90 as they pertain to it, and therefore denies the same.

91. Answering Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 91 as they pertain to it, and therefore denies the same.

92. Answering Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 92 as they pertain to it, and therefore denies the same.

93. Answering Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 93 as they pertain to it, and therefore denies the same.

94. Answering Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 94 as they pertain to it, and therefore denies the same.

95. Answering Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 95, and therefore denies the same.

96. It is denied that Ms. Gilliam's hormone treatment was "abruptly withdrawn" during her incarceration.  Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 96, and therefore deny the same.

97. It is denied that Ms. Holland's hormone treatment was "abruptly withdrawn" during her incarceration.  Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 97, and therefore denies the same.

98. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 98, and therefore denies the same.

99. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 99, and therefore denies the same.

100. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 100, and therefore denies the same.

101. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 101, and therefore denies the same.

102. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 102 as they pertain to it, and therefore denies the same.

103. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 103 as they pertain to it, and therefore denies the same.

104. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 104 as they pertain to it, and therefore denies the same.

105. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 105 as they pertain to it, and therefore denies the same.

106.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 106 as they pertain to it and therefore denies the same.

107.    Admitted.

108.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 108 as they pertain to it, and therefore denies the same.

109.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 109 as they pertain to it, and therefore denies the same.

110.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 110 as they pertain to it, and therefore denies the same.

111.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 111 as they pertain to it, and therefore denies the same.

112.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 112 as they pertain to it, and therefore denies the same.

113.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 113 as they pertain to it, and therefore denies the same.

114.    Admitted.

115.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 115 as they pertain to it, and therefore denies the same.

116.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 116 as they pertain to it, and therefore denies the same.

117.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 117 as they pertain to it, and therefore denies the same.

118.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 118 as they pertain to it, and therefore denies the same.

119.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 119 as they pertain to it, and therefore denies the same.

120.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 120 as they pertain to it, and therefore denies the same.

121.    Denied as to this Defendant. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 121 as they pertain to the remaining Defendants, and therefore denies the same.

122.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 122 as they pertain to it, and therefore denies the same.

123.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 123 as they pertain to it, and therefore denies the same.

124.    Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 124 as they pertain to it, and therefore denies the same.

125.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 125 as they pertain to it, and therefore denies the same.

126.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 126 as they pertain to it, and therefore denies the same.

127.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 127 as they pertain to it, and therefore denies the same.

128.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 128 as they pertain to it, and therefore denies the same.

129.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 129 as they pertain to it, and therefore denies the same.

130.    The allegations of this Paragraph pertain to entirely written documents. To the extent that these statements accurately reflect the contents of Plaintiff Gilliam's medical record, they are admitted, otherwise, they are denied as stated.

131.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 131 as they pertain to it, and therefore denies the same.

132.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 132 as they pertain to it, and therefore denies the same.

133.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 133 as they pertain to it, and therefore denies the same.

134.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 134 as they pertain to it, and therefore denies the same.

135.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 135 as they pertain to it, and therefore denies the same.

136.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 136 as they pertain to them, and therefore denies the same.

137.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 137 as they pertain to it, and therefore denies the same.

138.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 138 as they pertain to it, and therefore denies the same.

139.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 139 as they pertain to it, and therefore denies the same.

140.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 140 as they pertain to it, and therefore denies the same.

141.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 141 as they pertain to it, and therefore denies the same.

142.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 142 as they pertain to it, and therefore denies the same.

143.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 143 as they pertain to it, and therefore denies the same.

144.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 144 as they pertain to it, and therefore denies the same.

145.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 145 as they pertain to it, and therefore denies the same.

146.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 146 as they pertain to it, and therefore denies the same.

147.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 147 as they pertain to it, and therefore denies the same.

148.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 148 as they pertain to it, and therefore denies the same.

149.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 149 as they pertain to it, and therefore denies the same.

150.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 150 as they pertain to it, and therefore denies the same.

151.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 151 as they pertain to it, and therefore denies the same.

152.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 152 as they pertain to it, and therefore denies the same.

153.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 153 as they pertain to it, and therefore denies the same.

154.    The statements of this paragraph do not require a response.

155.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 155 as they pertain to it, and therefore denies the same.

156.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 156 as they pertain to it, and therefore denies the same.

157.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 157 as they pertain to it, and therefore denies the same.

158.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 158 as they pertain to it, and therefore denies the same.

159.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 159 as they pertain to it, and therefore denies the same.

160.    Denied as to Medical Defendants.  Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 160 as they pertain to other Defendants, and therefore deny the same.

161.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 161 as they pertain to it, and therefore denies the same.

162.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 162 as they pertain to it, and therefore denies the same.

163.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 163 as they pertain to it, and therefore denies the same.

164.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 164 as they pertain to it, and therefore denies the same.

165.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 165 as they pertain to it, and therefore denies the same.

166.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 166 as they pertain to it, and therefore denies the same.

167.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 167 as they pertain to it, and therefore denies the same.

168.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 168 as they pertain to it, and therefore denies the same.

169.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 169 as they pertain to it, and therefore denies the same.

170.    The statements of this Paragraph relate entirely to written documents. To the extent that the statements accurately reflect the contents of Plaintiff Gilliam's medical record, they are admitted, otherwise, they are denied.

171.    The reference to "the evaluation required by DPSCS policy" is vague and unclear to Defendant.  The allegations in this Paragraph are therefore denied.

172.    The statements of this Paragraph relate entirely to written documents. To the extent that the statements accurately reflect the contents of Plaintiff Gilliam's medical record, they are admitted, otherwise, they are denied.

173.    The statements of this Paragraph relate entirely to written documents. To the extent that the statements accurately reflect the contents of Plaintiff Gilliam's medical record, they are admitted, otherwise, they are denied.

174.    The statements of this Paragraph relate entirely to written documents. To the extent that the statements accurately reflect the contents of Plaintiff Gilliam's medical record, they are admitted, otherwise, they are denied.

175.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 175 as they pertain to it, and therefore denies the same.

176.    The statements of this Paragraph relate entirely to written documents. To the extent that the statements accurately reflect the contents of Plaintiff Gilliam's medical record, they are admitted, otherwise, they are denied.

177.    The statements of this Paragraph relate entirely to written documents. To the extent that the statements accurately reflect the contents of Plaintiff Gilliam's medical record, they are admitted, otherwise, they are denied as stated. Defendant denies failing to provide Plaintiff Grey with necessary medical attention and treatment.

178.    The statements of this Paragraph relate entirely to written documents. To the extent that the statements accurately reflect the contents of Plaintiff Gilliam's medical record, they are admitted, otherwise, they are denied as stated. Defendant denies "forgetting" to provide Plaintiff Grey with necessary medical attention and treatment.

179.    The statements of this Paragraph relate entirely to written documents. To the extent that the statements accurately reflect the contents of Plaintiff Grey's medical record, they are admitted, otherwise, they are denied.

180.    Denied as stated.

181.    Denied as stated.

182.    The statements of this Paragraph relate to entirely written documents. To the extent that these statements accurately reflect Plaintiff Holland's medical record, they are admitted; Otherwise, they are denied.

183.    The statements of this Paragraph relate to entirely written documents. To the extent that these statements accurately reflect Plaintiff Holland's medical record, they are admitted; Otherwise, they are denied.

184.    The statements of this Paragraph relate to entirely written documents. To the extent that these statements accurately reflect Plaintiff Holland's medical record, they are admitted; Otherwise, they are denied.

185.    Defendant partially admits the statements of this paragraph. Plaintiff Gilliam was moved to MRDCC on or around February 2, 2022. Defendant is without sufficient knowledge to admit or deny the remaining statements in this Paragraph.

186.    Denied as stated. Plaintiff Gilliam was placed on administrative segregation as an accommodation.

187.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 187 as they pertain to it, and therefore denies the same.

188.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 188 as they pertain to it, and therefore denies the same.

189.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 189 as they pertain to it, and therefore denies the same.

190.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 190 as they pertain to it, and therefore denies the same.

191.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 191 as they pertain to it, and therefore denies the same.

192.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 192 as they pertain to it, and therefore denies the same.

193.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 193 as they pertain to it, and therefore denies the same.

194.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 194 as they pertain to it, and therefore denies the same.

195.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 195 as they pertain to it, and therefore denies the same.

196.    Defendants deny the allegations of this Paragraph as stated. Plaintiff Grey was placed in administrative segregation as an accommodation.

197.    Defendants deny the allegations of this Paragraph as stated.

198.    Admitted.

199.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 199 as they pertain to it, and therefore denies the same.

200.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 200 as they pertain to it, and therefore denies the same.

201.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 201 as they pertain to it, and therefore denies the same.

202.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 202 as they pertain to it, and therefore denies the same.

203.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 203 as they pertain to it, and therefore denies the same.

204.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 204 as they pertain to it, and therefore denies the same.

205.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 205 as they pertain to it, and therefore denies the same.

206.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 206 as they pertain to it, and therefore denies the same.

207.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 207 as they pertain to it, and therefore denies the same.

208.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 208 as they pertain to it, and therefore denies the same.

209.    Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 209.

210.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 210 as they pertain to it, and therefore denies the same.

211.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 211 as they pertain to it, and therefore denies the same.

212.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 212 as they pertain to it, and therefore denies the same.

## CLAIMS FOR RELIEF

213.    Defendant incorporates by reference its responses to the preceding paragraphs.

214.    The statement contained in Paragraph 214 are conclusions of law to which no response is required.

215.    The statements contained in Paragraph 215 are conclusions of law to which no response is required.

216.    The statements contained in Paragraph 216 are conclusions of law to which no response is required.

217.    The statements contained in Paragraph 217 are conclusions of law to which no response is required.

218.    The statements contained in this Paragraph do not require a response.

219.    The statements of this Paragraph pertain to written documents. To the extent that these statements accurately reflect the contents of DPSCS Sexual Victimization Policy and DPSCS Gender Dysphoria Policy, they are admitted; otherwise, they are denied.

220.    Denied.

221.    The allegations of this Paragraph are a legal conclusion to which no response is required.

222.    The allegations of this Paragraph are a legal conclusion to which no response is required.

223.    The allegations of this Paragraph are a legal conclusion to which no response is required.

224.    Defendant incorporates by reference its responses to the preceding paragraphs.

225.    The allegations of this Paragraph are a legal conclusion to which no response is required.

226.    The allegations of this Paragraph are a legal conclusion to which no response is required.

227.    The allegation of this Paragraph are a legal conclusion to which no response is required.  To the extent that the allegations of this Paragraph are factual in nature, they are denied.

228.    It is admitted that Ms. Gilliam was diagnosed with gender dysphoria in 2003 and that she has received regular weekly hormone therapy as treatment since 2008. The remaining allegation of this Paragraph is a legal conclusion to which no response is required.

229.    The statements of this Paragraph are denied as stated.

230.    The allegation of this Paragraph is a legal conclusion to which no response is required.  To the extent that the allegations of this Paragraph are factual in nature, they are denied.

231.    Denied.

232.    The allegation of this Paragraph is a legal conclusion to which no response is required.

233.    The allegations of this Paragraph are legal conclusions to which no response is required.  It is expressly denied that Defendant failed to provide adequate medical treatment to Ms. Gilliam.

234.    Defendant incorporates by reference its responses to the preceding Paragraphs.

235.    The allegation of this Paragraph is a legal conclusion to which no response is required.

236.    The allegations of this Paragraph are a legal conclusion to which no response is required.

237.    The allegation of this Paragraph is a legal conclusion to which no response is required.  To the extent that this Paragraph contains factual allegations, they are denied.

238.    The allegation of this Paragraph is a legal conclusion to which no response is required.

239.    The allegation of this Paragraph is a legal conclusion to which no response is required.

240.    The allegation of this Paragraph is a legal conclusion to which no response is required.

241.    Defendant by reference its responses to the preceding paragraphs.

242.    The allegation of this Paragraph is a legal conclusion to which no response is required.

243.    The allegation of this Paragraph is a legal conclusion to which no response is required.

244.    The allegation of this Paragraph is a legal conclusion to which no response is required.

245.    The statements of this Paragraph pertain to written documents. To the extent that these statements accurately reflect the contents of DPSCS Sexual Victimization Policy and DPSCS Gender Dysphoria Policy, they are admitted; otherwise, they are denied.

246.    The allegation of this Paragraph is a legal conclusion to which no response is required.

247.    The allegation of this Paragraph is a legal conclusion to which no response is required.

248.    The allegation of this Paragraph is a legal conclusion to which no response is required.

249.    The allegation of this Paragraph is a legal conclusion to which no response is required.

250.    The allegation of this Paragraph is a legal conclusion to which no response is required.

251.    The allegation of this Paragraph is a legal conclusion to which no response is required.

252.    Defendant incorporates by reference its responses to the preceding paragraphs.

253.    The allegation of this Paragraph is a legal conclusion to which no response is required.

254.    The allegation of this Paragraph is a legal conclusion to which no response is required. To the extent that this Paragraph contains factual allegations, they are denied.

255.    Defendant is without knowledge or information sufficient to enable it to form a belief as to the truth of the allegations in this Paragraph.

256.    Denied.

257.    The statements of this Paragraph pertain to written documents. To the extent that these statements accurately reflect the contents of DPSCS Sexual Victimization Policy and DPSCS Gender Dysphoria Policy, they are admitted; otherwise, they are denied.

258.    Denied.

259.    Denied.

260.    Denied.

261.    Denied.

262.    Defendant incorporates by reference its responses to the preceding paragraphs.

263.    The allegation of this Paragraph is a legal conclusion to which no response is required.

264.    The allegation of this Paragraph is a legal conclusion to which no response is required.  To the extent that this Paragraph contains factual allegations, they are denied.

265.    The allegation of this Paragraph is a legal conclusion to which no response is required. To the extent that this Paragraph contains factual allegations, they are denied.

266.    The allegation of this Paragraph is a legal conclusion to which no response is required. To the extent that this Paragraph contains factual allegations, they are denied.

267.    The allegation of this Paragraph is a legal conclusion to which no response is required. To the extent that this Paragraph contains factual allegations, they are denied.

268.    The allegation of this Paragraph is a legal conclusion to which no response is required. To the extent that this Paragraph contains factual allegations, they are denied.

269.    The allegation of this Paragraph is a legal conclusion to which no response is required. To the extent that this Paragraph contains factual allegations, they are denied.

270.    Defendant incorporates by reference its responses to the preceding paragraphs.

271.    The allegation of this Paragraph is a legal conclusion to which no response is required.

272.    The allegation of this Paragraph is a legal conclusion to which no response is required.

273.    Denied.

274.    Denied.

275.    Denied.

276.    Denied.

277.    Denied.

278.    Denied.

279.    Denied.

280.    Denied.

281.    Denied.

282.    Defendant incorporates by reference its responses to the preceding paragraphs.

283.    The allegations of this Paragraph are legal conclusions to which no response is required.

284.    The allegations of this Paragraph are legal conclusions to which no response is required.

285.    The allegations of this Paragraph are legal conclusions to which no response is required.

286.    The allegations of this Paragraph are legal conclusions to which no response is required.

287.    The allegations of this Paragraph are legal conclusions to which no response is required.

288.    The allegations of this Paragraph are legal conclusions to which no response is required.

289.    The allegations of this Paragraph are legal conclusions to which no response is required.

290.    The allegations of this Paragraph are legal conclusions to which no response is required.

291.    The allegations of this Paragraph are legal conclusions to which no response is required.

292.    The allegations of this Paragraph are legal conclusions to which no response is required.

293.    The allegations of this Paragraph are legal conclusions to which no response is required.

294.    The allegations of this Paragraph are legal conclusions to which no response is required.

295.    The allegations of this Paragraph are legal conclusions to which no response is required.

296.    The allegations of this Paragraph are legal conclusions to which no response is required.

297.    The allegations of this Paragraph are legal conclusions to which no response is required.

298.    The allegations of this Paragraph are legal conclusions to which no response is required.

299.    Denied as stated.

300.    Denied as stated.

301.    Denied as stated.

302.    Denied.

303.    Denied.

304.    Denied.

305.    Denied.

306.    Denied.

307.    Denied.

308.    Denied.

309.    Defendant incorporates by reference its responses to the preceding paragraphs.

310.    The allegation of this Paragraph is a legal conclusion to which no response is required.

311.    The allegation of this Paragraph is a legal conclusion to which no response is required.

312.    The allegation of this Paragraph is a legal conclusion to which no response is required.

313.    The allegation of this Paragraph is a legal conclusion to which no response is required.

314.    The allegation of this Paragraph is a legal conclusion to which no response is required.

315.    The allegation of this Paragraph is a legal conclusion to which no response is required.

316.    The allegation of this Paragraph is a legal conclusion to which no response is required.

317.    The allegation of this Paragraph is a legal conclusion to which no response is required.

318.    The allegation of this Paragraph is a legal conclusion to which no response is required.

319.    The allegation of this Paragraph is a legal conclusion to which no response is required.

320.    The allegation of this Paragraph is a legal conclusion to which no response is required.

321.    Denied.

322.    Denied.

323.    Denied.

324.    Denied.

325.    Denied.

326.    Denied.

327.    Denied.

328.    Denied.

329.    Denied.

330.    Denied.

331.    Denied.

332.    Denied.

333.    Denied.

334.    Defendant incorporates by reference their responses to the preceding paragraphs.

335.    Denied.

336.    Denied.

337.    Denied as stated.  It is expressly denied that Defendant was negligent.

338.    Denied.

339.    Defendant incorporates by reference its responses to the preceding paragraphs.

340.    Denied.

341.    Denied.

342.    Denied as stated.  It is expressly denied that Defendant was negligent.

343.    Denied.

344.    Denied.

345.    Denied.

346.    Denied.

347.    Defendant incorporates by reference its responses to the preceding paragraphs.

348.    Denied.

349.    Denied.

350.    Denied.

351.    Denied.

352.    Denied.

353.    Denied.

354.    Denied.

## **AFFIRMATIVE DEFENSES**

1.  Defendant generally DENIES all allegations of negligence, wrongdoing or breach of standards of care as set forth in the Complaint and further deny any and all liability.

2.  Plaintiffs fail to state a claim upon which relief may be granted.

3.  Defendant at all times complied with the applicable standard of care and in no way was negligent.

4.  The negligence alleged by Plaintiffs and denied by Defendant was not the proximate cause of any injuries or damages which are claimed by the Plaintiffs.

5.  Defendant performed each and every duty owed to the Plaintiffs.

6.  Plaintiffs assumed the risk of their losses and injuries.

7.  Plaintiffs' claims are barred by the statute of limitations.

8.  Plaintiffs' claims are barred by the doctrine of estoppel.

9.  Plaintiffs' claims are barred by res judicata.

10. Plaintiffs' claims are barred by accord and satisfaction, settlement, and/or payment and release.

11. Plaintiffs were contributorily negligent.

12. Plaintiffs' claims are barred by waiver and/or release.

13. Plaintiffs failed to mitigate their damages.

14. Any injuries and/or damages suffered by the Plaintiffs are the result of pre-existing medical conditions, circumstances, or actions of others over which Defendant had no prior, actual or apparent, knowledge, authority, and/or control.

15. Defendant claims the benefit of any privileges or immunities available under statutory and/or common law whether Federal, State or Local law.

16. To the extent Plaintiffs' claims sound in medical negligence, they are barred due to their failure to comply with the requirements of Md. Courts & Judicial Proceedings Code §3-2A.

17. Defendant's actions were in furtherance of a legitimate penological interest.

18. Defendants incorporate all other affirmative defenses permitted by FCRP Rule 8.

19. Defendant reserves the right to assert additional defenses at the trial of this matter.

WHEREFORE, Defendant requests that the case against it be dismissed, and requests such other and further relief as this cause may require.

Respectfully submitted,
**MARKS, O'NEILL, O'BRIEN,**
**DOHERTY & KELLY, P.C.**
 */s/ Megan T. Mantzavinos*
Megan T. Mantzavinos (ID No. 16416)
600 Baltimore Avenue, Suite 305
Towson, MD 21204
mmantzavinos@moodklaw.com
(410) 339-6880
Fax (410) 339-6880
*Attorney for Defendant YesCare Corp.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 15th day of August, 2024, a copy of the foregoing Answer to the Fourth Amended Complaint was filed with the Clerk of the Court using the CM/ECF system, which was served on all counsel of record.

*/s/ Megan T. Mantzavinos*
Megan T. Mantzavinos
