# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

CHELSEA GILLIAM, *et al.*,

      Plaintiffs,

                                        *

v.                                                   Civil Action No. 1:23-cv-1047

DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONAL SERVICES, *et al.*,    *

      Defendants.                       *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECLARATION OF CHLOE GREY

I, Chloe Grey, testify to the following:

1. I am over the age of 18 years old and am competent to testify.

2. On August 14, 2024, while at North Branch Correctional Institution ("NBCI"), Case Manager McKenzie administered a PREA screening in the company of Officer McKinney.

3. Mr. McKenzie did not properly record my answers.

4. When Mr. McKenzie asked me if I had ever been sexually assaulted as an adult, I said yes, and he then qualified the question to mean whether I had been sexually assaulted as an adult *at NBCI*. Despite answering that I had been sexually assaulted as an adult, the officer marked the answer as no since I had not been sexually assaulted since being at NBCI.

5. Next, Case Manager McKinzie asked me if I had ever been sexually assaulted while incarcerated. I answered yes, but he then, again, qualified it to mean whether I had been sexually assaulted while incarcerated at NBCI. I did tell him that I had been sexually assaulted

while incarcerated, but he marked that I had never been sexually assaulted while incarcerated because I hadn't been sexually incarcerated while housed at NBCI.

6. Until meeting with my attorneys, I never physically saw the document and did not know that there was question a question asking if I had ever been approached for sex or threatened with sexual assault while incarcerated. My answer to that question would have been yes, even if qualified with it taking place only at NBCI.

7. Additionally, when I was asked whether I had ever had consensual sex while incarcerated, I answered no. The officer changed my answer of "no" to yes because I was found guilty of violating Rule 117 for allegedly yelling sexually explicit remarks on the yard. I did not make these remarks. However, even if I had, these sexually explicit remarks do not amount to acts of consensual sex.

8. To my knowledge, my PREA screening has since been corrected but it was not in my presence and I have not seen a copy of the screening.

9. My understanding is that, per the updated PREA screening, I now have a score of 6 for being at risk of victimization and a score of 2 for at risk of abusiveness, putting me at overall risk of victimization.

10. I am currently being housed in a single cell at Western Correctional Institute ("WCI").

11. For the first two showers I received at WCI, officers failed to ensure all the male inmates were properly secured in their cells, despite DPSCS policy.

12. For my first shower, an inmate worker was out of his cell and in front of the showers.

13. For my second shower, the officers had conducted count—meaning they did a headcount to ensure everyone was locked in their cells—before bringing me to the showers. Yet, when I arrived to the showers, the inmate from cell 5-C-13 was in the shower that I was supposed to use.

14. After these incidents, I spoke with Lieutenant Merlin and Ms. Harold about what had occurred and informed them I would be filing an ARP so that it was properly documented.

15. On September 30, 2024, I filled out an ARP and gave it to Officer Wilburn—the tier officer for 5-C.

16. A few minutes later, officers came to my cell and ordered me to report to the lobby. When I arrived there, Officer Wilburn said I was not a woman, required me to show them my gender declaration, proclaimed that the legal gender change "does not make [my] penis magically disappear", then told me that if I turned in the ARP, my life at WCI would get "very hard, very quick." Because I feared retaliation, I withdrew my ARP.

17. I did report this to Lieutenant Merlin and he did appear to reprimand them. As a result, the shower situation has been rectified but the officers continue to harass me and egg the inmates on in harassing me.

18. Although I did receive the refill of my hormones on time, I am due for a refill of my facial hair inhibitor cream, but Christine from YesCare and Physician Assistant Clark told me that they were unclear if they'd be able to give me the cream because no one knows what to do despite their efforts.

19. I have reviewed this declaration with my legal counsel. I am directing them to sign it for me. I understand that a copy will be mailed to me, inspected by the prison, and given

3

to me to sign and mail back to my counsel. That directly signed copy will be provided to the Court as well.

Executed on October 1, 2024

_____
Lauren A. DiMartino (for Chloe Grey)

Signed on  _____          _____
               Date                                                           Chloe Grey