# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHELSEA GILLIAM, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. MJM-23-01047 |
| | ) | |
| DEPARTMENT OF PUBLIC SAFETY | ) | |
| AND CORRECTIONAL SERVICES, *et* | ) | |
| *al.*, | ) | |
| | ) | |
| Defendants. | ) | |

\*   \*   \*   \*   \*   \*   \*   \*   \*

## DPSCS DEFENDANTS' ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT

Defendants, the Department of Public Safety and Correctional Services ("the Department"); Secretary of the Department Carolyn Scruggs; Commissioner of Correction J. Philip Morgan; Administrator of the Baltimore City Correctional Center ("BCCC") Damilare Adisa-Thomas; Maryland Reception, Diagnostic, and Classification Center ("MRDCC") Warden Nurudeen Matti; Eastern Correctional Institution ("ECI") Warden William Bailey; Maryland Correctional Institution-Jessup ("MCI-J") Warden Christopher Smith; Maryland Correctional Institution-Hagerstown ("MCI-H") Warden Gregory Werner; Orlando Johnson[1]; Patuxent Institution ("Patuxent") Assistant Warden Kimberly Stewart; Western Correctional Institution ("WCI") Warden Ronald Weber; the Department's Americans with Disabilities Act ("ADA") Coordinator Michele Gardner;

---

[1] Mr. Johnson is named as the Acting Warden of Patuxent Institution, but left State employment on February 1, 2023.

and the Department's Prison Rape Elimination Act ("PREA") Coordinator David Wolinski (collectively "DPSCS Defendants")[2], by and through their undersigned counsel, pursuant to Fed. R. Civ. P. 8(b) and (c), hereby submit this Answer to Plaintiffs' Fourth Amended Complaint ("Complaint") (ECF No. 124), and in support thereof state as follows:

## INTRODUCTION

1.      DPSCS Defendants admit that Chelsea Gilliam, Chloe Grey, and Kennedy Holland (collectively "Plaintiffs") identify as transgender women and have been previously diagnosed with gender dysphoria.  DPSCS Defendants further admit that Plaintiffs were housed in male correctional institutions while in the custody of DPSCS, but otherwise deny the remaining allegations.

2.      Deny.

## PARTIES, JURISDICTION, AND VENUE

3.      Admit.

4.      Admit.

5.      Admit.

6.      Admit.

7.      DPSCS Defendants deny that Ms. Gilliam was housed at BCCC from December 17, 2021, to May 13, 2022, but otherwise admit the remaining allegations in Paragraph 7.

---

[2] Plaintiffs also purport to assert claims against several other unnamed defendants, identified only as "Housing Does," "Healthcare Does," and "Custody Does."

8.    DPSCS Defendant deny that Ms. Gilliam was held as "a pretrial detainee at BCCC," but otherwise admit the allegations in Paragraph 8.

9.    DPSCS Defendants admit that Ms. Gilliam is on supervised probation, which is set to expire in May 2025, but otherwise deny the remaining allegations in Paragraph 9.

10.    DPSCS Defendants admit that Ms. Grey was previously housed at WCI before being transferred to Patuxent in 2023 in order to participate in the Georgetown University education program, but otherwise deny the remaining allegations in Paragraph 10.

11.    DPSCS Defendants admit that Ms. Holland was previously incarcerated at BCCC, ECI, MCI-H, MCI-J, and MRDCC before she was released on supervised parole in August 2023, but otherwise deny the remaining allegations in Paragraph 11.

12.    DPSCS Defendants deny that MRDCC is a Division of Corrections ("DOC") facility, but admit the remaining allegations in Paragraph 12.

13.    DPSCS Defendants admit the allegations in Paragraph 13, but deny any inference that Secretary Scruggs violated any policy or federal law or is responsible for medical treatment of any incarcerated individual.

14.    DPSCS Defendants admit that the Phil Morgan is the Commissioner of Correction, "responsible for the incarceration of inmates and supervision of correctional staff," is being sued in his official capacity, and is aware of DPSCS and DOC policies and federal law, but otherwise deny the remaining allegations in Paragraph 14 and specifically deny any inference that the Commissioner of Correction violated any policy or federal law or is responsible for medical treatment of any incarcerated individual.

15.    DPSCS Defendants admit that Damilare Adisa-Thomas is the Assistant Warden of BCCC, "responsible for the governance and policies of the institution," and is being sued in her official capacity.  DPSCS Defendants otherwise deny the remaining allegations in Paragraph 15, and specifically deny any inference that Damilare Adisa-Thomas violated any policy or federal law or is responsible for medical treatment of any incarcerated individual.

16.    DPSCS Defendants admit that Nurudeen Matti was a previous Warden of MRDCC, "responsible for the governance and policies of the institution," and being sued in his official capacity.  DPSCS Defendants otherwise deny the remaining allegations in Paragraph 16, and specifically deny any inference that Nurudeen Matti violated any policy or federal law or is responsible for medical treatment of any incarcerated individual.

17.    DPSCS Defendants admit that William Bailey is the Warden of ECI, "responsible for the governance and policies of the institution," and being sued in his official capacity.  DPSCS Defendants otherwise deny the remaining allegations in Paragraph 17, and specifically deny any inference that William Bailey violated any policy or federal law or is responsible for medical treatment of any incarcerated individual.

18.    DPSCS Defendants admit that Christopher Smith was a previous Warden of MCI-J, "responsible for the governance and policies of the institution," and is being sued in his official capacity.  DPSCS Defendants otherwise deny the remaining allegations in Paragraph 18, and specifically deny any inference that Christopher Smith violated any policy or federal law or is responsible for medical treatment of any incarcerated individual.

19.    DPSCS Defendants admit that Gregory Werner is the Warden of MCI-H, "responsible for the governance and policies of the institution," and is being sued in his official capacity.  DPSCS Defendants otherwise deny the remaining allegations in Paragraph 19, and specifically deny any inference that Gregory Werner violated any policy or federal law or is responsible for medical treatment of any incarcerated individual.

20.    DPSCS Defendants deny that Orlando Johnson was the Acting Warden of Patuxent during the relevant time periods alleged in this Complaint, but admit that he is being sued in his purported official capacity.  DPSCS Defendants otherwise deny the remaining allegations in Paragraph 20.

21.    DPSCS Defendants admit that Ronald Weber is the Warden of WCI, "responsible for the governance and policies of the institution," and is being sued in his official capacity.  DPSCS Defendants otherwise deny the remaining allegations in Paragraph 21, and specifically deny any inference that Ronald Weber violated any policy or federal law or is responsible for medical treatment of any incarcerated individual.

22.    DPSCS Defendants admit that Kimberly Stewart is the Assistant Warden of Patuxent, "responsible for the governance and policies of the institution," serves as the institution's PREA Compliance Manager, and is being sued in her official and individual capacities.  DPSCS Defendants otherwise deny the remaining allegations in Paragraph 22, and specifically deny any inference that Kimberly Stewart violated any policy or federal law or is responsible for medical treatment of any incarcerated individual.

23.    Admit.

24.    No response to Paragraph 24 is required because Plaintiffs' allegations

against Defendant Sharon Baucom were dismissed by this Court in ECF No. 148.

25.    Admit.

26.    No response to Paragraph 26 is required because Plaintiffs' allegations against Defendant April Peterson were dismissed by this Court in ECF No. 148.

27.    No response to Paragraph 27 is required because Plaintiffs' allegations against Defendant Betty Nwosu were dismissed by this Court in ECF No. 148.

28.    No response to Paragraph 28 is required because Plaintiffs' allegations against Defendant Fateema Mobley were dismissed by this Court in ECF No. 148.

29.    No response to Paragraph 29 is required because Plaintiffs' allegations against Defendant Kelly Partlow were dismissed by this Court in ECF No. 148.

30.    No response to Paragraph 30 is required because Plaintiffs' allegations against Defendant Donald Gallagher were dismissed by this Court in ECF No. 148.

31.    DPSCS Defendants admit that Plaintiffs have named "Housing Does" as a party in this action, but are otherwise without information sufficient to form a belief as to the truth of the factual allegations in paragraph 31, and to the extent an admission or denial is required, they are therefore denied.

32.    DPSCS Defendants admit that Plaintiffs have sued "Housing Does" in their individual capacities, but aver that the allegations against "Housing Does" in their official capacities have been dismissed by this Court in ECF No. 148.  DPSCS Defendants are otherwise without information sufficient to form a belief as to the truth of the factual allegations in paragraph 32, and to the extent an admission or denial is required, they are therefore denied.

33.    DPSCS Defendants admit that Plaintiffs have named "Healthcare Does" as a party to this action, but are otherwise without information sufficient to form a belief as to the truth of the factual allegations in paragraph 33, and to the extent an admission or denial is required, they are therefore denied.

34.    DPSCS Defendants admit that Plaintiffs have sued "Healthcare Does" in their individual capacities, but aver that the allegations against "Healthcare Does" in their official capacities have been dismissed by this Court in ECF No. 148.  DPSCS Defendants are otherwise without information sufficient to form a belief as to the truth of the factual allegations in paragraph 34, and to the extent an admission or denial is required, they are therefore denied.

35.    DPSCS Defendants admit that Plaintiffs have named "Custody Does" as a party to this action, but are otherwise without information sufficient to form a belief as to the truth of the factual allegations in paragraph 35, and to the extent an admission or denial is required, they are therefore denied.

36.    DPSCS Defendants admit that Plaintiffs have sued "Custody Does" in their individual capacities, but aver that the allegations against "Custody Does" in their official capacities have been dismissed by this Court in ECF No. 148.  DPSCS Defendants are otherwise without information sufficient to form a belief as to the truth of the factual allegations in paragraph 36, and to the extent an admission or denial is required, they are therefore denied.

37.    DPSCS Defendants admit that YesCare, Inc. was the private medical healthcare provider for DPSCS at all times relevant to the allegations in this Complaint,

but aver that Centurion, Inc. provided the mental healthcare services for DPSCS during that time and is now the current private medical and mental health provider for DPSCS beginning August 1, 2024. DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in Paragraph 37. To the extent an admission or denial is required, the remaining allegations are denied.

38.    Paragraph 38 states only legal conclusions and requires no response.

39.    No response to Paragraph 39 is required because Plaintiffs' state law allegations against DPSCS Defendants were dismissed by this Court in ECF No. 148.

40.    Paragraph 40 states only legal conclusions and requires no response.

41.    No response to Paragraph 41 is required because Plaintiffs' state law allegations against DPSCS Defendants were dismissed by this Court in ECF No. 148.

42.    No response to Paragraph 42 is required because Plaintiffs' state law allegations against DPSCS Defendants were dismissed by this Court in ECF No. 148.

43.    No response to Paragraph 43 is required because Plaintiffs' state law allegations against DPSCS Defendants were dismissed by this Court in ECF No. 148.

## STATEMENT OF FACTS

44.    DPSCS Defendants admit that Ms. Gilliam is a black, transgender woman who has been previously diagnosed with gender dysphoria, but DPSCS Defendants are otherwise without information sufficient to form a belief as to the truth of the factual allegations in Paragraph 44. To the extent an admission or denial is required, the remaining allegations are denied.

45.    DPSCS Defendants admit that Ms. Gilliam has legally changed her name to

Chelsea, but DPSCS Defendants are otherwise without information sufficient to form a belief as to the truth of the factual allegations in Paragraph 45. To the extent an admission or denial is required, the remaining allegations are denied.

46.    DPSCS Defendants admit that Ms. Gilliam has previously been prescribed hormone therapy treatments, but DPSCS Defendants are otherwise without information sufficient to form a belief as to the truth of the factual allegations in Paragraph 46. To the extent an admission or denial is required, the remaining allegations are denied.

47.    Deny.

48.    Deny, although Defendants admit that Ms. Gilliam, a transgender female, was housed in a male institution.

49.    Deny.

50.    DPSCS Defendants admit that Ms. Gilliam requested to be, and was, placed in administrative segregation while incarcerated at MRDCC from February 22, 2022 to May 13, 2022, but otherwise deny the remaining allegations in Paragraph 50.

51.    DPSCS Defendants admit that Ms. Grey is a white, transgender woman who was diagnosed with gender dysphoria in March 2021 and began to transition in December 2021. DPSCS Defendants deny the remaining allegations in Paragraph 51.

52.    DPSCS Defendants admit that Ms. Grey has been prescribed hormone therapy treatments, but otherwise deny the remaining allegations in Paragraph 52.

53.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 53, and to the extent an admission or denial is required, they are therefore denied.

54.    DPSCS Defendants admit that Ms. Grey has been housed in male correctional facilities while in the custody of DPSCS, but DPSCS Defendants deny the remaining allegations in Paragraph 54.

55.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 55, and to the extent an admission or denial is required, they are therefore denied.

56.    DPSCS Defendants are without information sufficient to form a belief as to how Ms. Grey felt, but to the extent an admission or denial is required, they are therefore denied.

57.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 57, and to the extent an admission or denial is required, they are therefore denied.

58.    Deny.

59.    Deny.

60.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 60, and to the extent an admission or denial is required, they are therefore denied.

61.    Deny.

62.    DPSCS Defendants admit that Ms. Holland is a black, transgender woman who has been previously diagnosed with gender dysphoria and received gender-affirming treatment, but DPSCS Defendants are otherwise without information sufficient to form a belief as to the truth of the factual allegations in Paragraph 62.  To the extent an admission

or denial is required, the remaining allegations are denied.

63.    DPSCS Defendants admit that Ms. Holland has previously been prescribed hormone therapy treatment, DPSCS Defendants are otherwise without information sufficient to form a belief as to the truth of the factual allegations in Paragraph 63.  To the extent an admission or denial is required, the remaining allegations are denied.

64.    Deny.

65.    DPSCS Defendants admit that Ms. Holland was housed in male correctional institutions while in DPSCS custody, but deny the remaining allegations in Paragraph 65.

66.    Deny.

67.    Deny.

68.    DPSCS Defendant admit that Ms. Holland was housed in administrative segregation at ECI from June 28, 2022 to August 1, 2022, but otherwise deny the remaining allegations in Paragraph 68.

69.    DPSCS Defendants deny that Ms. Holland was "only let out of her cell every other day for as little as 45 minutes."  Further, DPSCS Defendants are without information sufficient to form a belief as to how Ms. Holland felt, but to the extent an admission or denial is required, they are therefore denied.

70.    Admit.

71.    Admit.

72.    Admit.

73.    Admit.

74.    Admit.

75.    Admit.

76.    Admit.

77.    Admit.

78.    Admit.

79.    Admit.

80.    Admit.

81.    Admit.

82.    Admit.

83.    Admit.

84.    Admit.

85.    Admit.

86.    DPSCS Defendants admit the allegation that the "World Professional Association for Transgender Health ("WPATH") is a non-profit, multidisciplinary professional association dedicated to understanding and treating gender dysphoria." DPSCS Defendants are without information sufficient to form a belief as to the truth of the remaining factual allegations in paragraph 86, and to the extent an admission or denial is required, they are therefore denied.

87.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 87, and to the extent an admission or denial is required, they are therefore denied.

88.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 88, and to the extent an admission or denial

is required, they are therefore denied.

89.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 89, and to the extent an admission or denial is required, they are therefore denied.

90.    DPSCS Defendants admit that the WPATH standards of care manual contains the quoted language, but deny any inference that any DPSCS Defendant violated these standards of care.

91.    DPSCS Defendants admit that the WPATH standards of care manual contains the quoted language, but deny any inference that any DPSCS Defendant violated these standards of care.

92.    DPSCS Defendants admit that the WPATH standards of care manual contains the quoted language, but deny any inference that any DPSCS Defendant violated these standards of care.

93.    DPSCS Defendants admit that the WPATH standards of care manual contains the quoted language, but deny any inference that any DPSCS Defendant violated these standards of care.

94.    DPSCS Defendants admit that the WPATH standards of care manual contains the quoted language, but deny any inference that any DPSCS Defendant violated these standards of care.

95.    DPSCS Defendants admit that the WPATH standards of care manual contains the quoted language, but deny any inference that any DPSCS Defendant violated these standards of care.

96.    DPSCS Defendants deny that any lapse in hormone treatments was an "abrupt withdrawal" or intentional act.  DPSCS Defendants are without information sufficient to form a belief as to the remaining factual allegations in Paragraph 96, but to the extent an admission or denial is required, they are therefore denied.

97.    DPSCS Defendants deny that any lapse in hormone treatments was an "abrupt withdrawal" or intentional act.  DPSCS Defendants are without information sufficient to form a belief as to the factual allegations in Paragraph 97, but to the extent an admission or denial is required, they are therefore denied.

98.    DPSCS Defendants admit that "Ms. Grey started hormone treatment in December 2021," but deny that "she did not receive an adequate dosage to effectively transition until May 2023."   DPSCS Defendants are otherwise without information sufficient to form a belief as to the remaining factual allegations in Paragraph 98, but to the extent an admission or denial is required, they are therefore denied.

99.    DPSCS Defendants admit that the WPATH standards of care manual contains the quoted language, but deny any inference that any DPSCS Defendant violated these standards of care.

100.    DPSCS Defendants admit that the WPATH standards of care manual contains the quoted language, but deny any inference that any DPSCS Defendant violated these standards of care.

101.    DPSCS Defendants admit that the WPATH standards of care manual contains the quoted language, but deny any inference that any DPSCS Defendant violated these standards of care.

102.    DPSCS Defendants admit that Ms. Gilliam was arrested on charges related to an aggravated assault, but aver that this occurred on December 18, 2021. DPSCS Defendants otherwise deny the remaining allegations in Paragraph 102.

103.    Deny.

104.    DPSCS Defendants admit that Ms. Gilliam was housed in a male pre-trial facility, but otherwise deny the remaining allegations in Paragraph 104.

105.    DPSCS Defendants deny that Ms. Gilliam was housed at BCCC anytime during December 19, 2021 through May 13, 2022. DPSCS Defendants are otherwise without information sufficient to form a belief as to the remaining factual allegations in Paragraph 105, but to the extent an admission or denial is required, they are therefore denied.

106.    DPSCS Defendants deny that Ms. Gilliam was housed at BCCC anytime during December 19, 2021 through May 13, 2022. DPSCS Defendants are otherwise without information sufficient to form a belief as to the remaining factual allegations in Paragraph 106, but to the extent an admission or denial is required, they are therefore denied.

107.    DPSCS Defendants admit that Ms. Grey was sentenced in October 2017 and housed at WCI beginning December 20, 2017 through September 7, 2023. DPSCS Defendants further admit that Ms. Grey was transferred to Patuxent on September 7, 2023. DPSCS Defendants aver that Ms. Grey was then transferred to the North Branch Correctional Institution ("NBCI") on December 18, 2023, and was later transferred to WCI on September 19, 2024 and is currently housed at WCI.

108.    Admit.

109.

DPSCS Defendants are without information sufficient to form a belief as to the factual allegations in Paragraph 109, but to the extent an admission or denial is required, they are therefore denied.

110.    DPSCS Defendants admit that while Ms. Grey was incarcerated at Patuxent, she was housed in the male tier, but DPSCS Defendants are otherwise without information sufficient to form a belief as to the remaining factual allegations in Paragraph 110, but to the extent an admission or denial is required, they are therefore denied.

111.    Deny.

112.    Deny.

113.    DPSCS Defendants are without information sufficient to form a belief as to the factual allegations in Paragraph 113, but to the extent an admission or denial is required, they are therefore denied.

114.    Admit.

115.    DPSCS Defendants are without information sufficient to form a belief as to the factual allegations in Paragraph 115, but to the extent an admission or denial is required, they are therefore denied.

116.    DPSCS Defendants admit that Ms. Holland was housed in male correctional facilities during her incarceration.

117.    DPSCS Defendants are without information sufficient to form a belief as to the factual allegations in Paragraph 117, but to the extent an admission or denial is required,

16

they are therefore denied.

118.    DPSCS Defendants admit that the cited studies contain the quoted language.

119.    DPSCS Defendants admit that the cited article contains the quoted language.

120.    DPSCS Defendants deny that Ms. Gilliam was housed at BCCC anytime during December 19, 2021 through May 13, 2022, and these allegations are therefore denied.  Further, no response to Paragraph 120 is required because the allegations do not concern DPSCS Defendants. To the extent the allegations in Paragraph 120 are directed toward DPSCS Defendants, the allegations are denied.

121.    DPSCS Defendants deny that Ms. Gilliam was housed at BCCC anytime during December 19, 2021 through May 13, 2022, and these allegations are therefore denied.  Further, no response to Paragraph 121 is required because the allegations do not concern DPSCS Defendants. To the extent the allegations in Paragraph 121 are directed toward DPSCS Defendants, the allegations are denied.

122.    DPSCS Defendants deny that Ms. Gilliam was housed at BCCC anytime during December 19, 2021 through May 13, 2022, and these allegations are therefore denied.  Further, no response to Paragraph 122 is required because the allegations do not concern DPSCS Defendants. To the extent the allegations in Paragraph 122 are directed toward DPSCS Defendants, the allegations are denied.

123.    DPSCS Defendants deny that Ms. Gilliam was housed at BCCC anytime during December 19, 2021 through May 13, 2022, and these allegations are therefore denied.  DPSCS Defendants otherwise are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 123, and to the extent an admission or

denial is required, they are therefore denied.

124.    DPSCS Defendants deny that Ms. Gilliam was housed at BCCC anytime during December 19, 2021 through May 13, 2022, and these allegations are therefore denied.  DPSCS Defendants otherwise are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 124, and to the extent an admission or denial is required, they are therefore denied.

125.    DPSCS Defendants deny that Ms. Gilliam was housed at BCCC anytime during December 19, 2021 through May 13, 2022, and these allegations are therefore denied.  DPSCS Defendants otherwise are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 125, and to the extent an admission or denial is required, they are therefore denied.

126.    DPSCS Defendants deny that Ms. Gilliam was housed at BCCC anytime during December 19, 2021 through May 13, 2022, and these allegations are therefore denied.  DPSCS Defendants otherwise are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 126, and to the extent an admission or denial is required, they are therefore denied.

127.    DPSCS Defendants deny that Ms. Gilliam was housed at BCCC anytime during December 19, 2021 through May 13, 2022, and these allegations are therefore denied.  DPSCS Defendants otherwise are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 127, and to the extent an admission or denial is required, they are therefore denied.

128.    DPSCS Defendants deny that Ms. Gilliam was housed at BCCC anytime

during December 19, 2021 through May 13, 2022, and these allegations are therefore denied. DPSCS Defendants otherwise are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 128, and to the extent an admission or denial is required, they are therefore denied.

129.   DPSCS Defendants deny that Ms. Gilliam was housed at BCCC anytime during December 19, 2021 through May 13, 2022, and these allegations are therefore denied. DPSCS Defendants otherwise are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 129, and to the extent an admission or denial is required, they are therefore denied.

130.   DPSCS Defendants deny that Ms. Gilliam was housed at BCCC anytime during December 19, 2021 through May 13, 2022, and these allegations are therefore denied. DPSCS Defendants otherwise are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 130, and to the extent an admission or denial is required, they are therefore denied.

131.   DPSCS Defendants deny that Ms. Gilliam was housed at BCCC anytime during December 19, 2021 through May 13, 2022, and these allegations are therefore denied. DPSCS Defendants otherwise are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 131, and to the extent an admission or denial is required, they are therefore denied.

132.   DPSCS Defendants deny that Ms. Gilliam was housed at BCCC anytime during December 19, 2021 through May 13, 2022, and these allegations are therefore denied. DPSCS Defendants otherwise are without information sufficient to form a belief

as to the truth of the factual allegations in paragraph 132, and to the extent an admission or denial is required, they are therefore denied.

133.    DPSCS Defendants deny that Ms. Gilliam was housed at BCCC anytime during December 19, 2021 through May 13, 2022, and these allegations are therefore denied.  DPSCS Defendants otherwise are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 133, and to the extent an admission or denial is required, they are therefore denied.

134.    DPSCS Defendants admit that Ms. Gilliam was housed in male pre-trial facilities during her incarceration, but otherwise deny the remaining allegations in Paragraph 134.

135.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations concerning the actions of "Health Care, Housing and Custody Does," and to the extent an admission or denial is required, they are therefore denied.  DPSCS Defendants otherwise deny the remaining factual allegations in Paragraph 135.

136.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 136, and to the extent an admission or denial is required, they are therefore denied.

137.    Deny.

138.    Deny.

139.    Ms. Grey's allegations against DPSCS Defendants concerning her placement on administrative segregation under Count VI were dismissed by this Court in ECF No.

148, and therefore to the extent these allegations involve Count VI, no response is required. DPSCS Defendants deny the remainder of the allegations in Paragraph 139.

140.    DPSCS Defendants admit that Ms. Grey was housed with an incarcerated individual named Jones-Harris, but otherwise deny the remaining allegations in Paragraph 140.

141.    Deny.

142.    Deny.

143.    Deny.

144.    Deny.

145.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 145, and to the extent an admission or denial is required, they are therefore denied.

146.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 146, and to the extent an admission or denial is required, they are therefore denied.

147.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 147, and to the extent an admission or denial is required, they are therefore denied.

148.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 148, and to the extent an admission or denial is required, they are therefore denied.

149.    DPSCS Defendants are without information sufficient to form a belief as to

the truth of the factual allegations in paragraph 149, and to the extent an admission or denial is required, they are therefore denied.

150.    DPSCS Defendants admit that Ms. Grey alleged that on October 15, 2023, an incarcerated individual named Williamston approached her cell, but otherwise deny the remaining allegations in Paragraph 150.

151.    DPSCS Defendants admit that Ms. Grey alleged that Mr. Williamston propositioned her for sex and that he threw water at her when she refused.  The remaining allegations in Paragraph 151 are denied.

152.    DPSCS Defendant deny that it took "over an hour until an officer came and took her out of her cell and to a supervisor downstairs." The remaining allegations in Paragraph 152 are denied.

153.    DPSCS Defendants admit that Patuxent officers did not submit a PREA complaint after Ms. Grey signed her Complaint Withdrawal form and that she was "returned to administrative segregation." DPSCS Defendants otherwise deny the remaining allegations in Paragraph 153.

154.    Ms. Grey's allegations against DPSCS Defendants concerning her placement on administrative segregation under Count VI were dismissed by this Court in ECF No. 148. Further, DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 154, and to the extent an admission or denial is required, they are therefore denied.

155.    Deny.

156.    Deny.

157.   Deny.

158.   DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 158, and to the extent an admission or denial is required, they are therefore denied.

159.   DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegation in paragraph 159 that "[t]hroughout her incarceration and to the present, Ms. Grey has been subjected to misgendering, improper pronouns, and not being called by her legal name by other inmates," but otherwise deny the remaining allegations in Paragraph 159.

160.   DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 160, and to the extent an admission or denial is required, they are therefore denied.

161.   DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 161, and to the extent an admission or denial is required, they are therefore denied.

162.   DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 162, and to the extent an admission or denial is required, they are therefore denied.

163.   DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 163, and to the extent an admission or denial is required, they are therefore denied.

164.   DPSCS Defendants are without information sufficient to form a belief as to

the truth of the factual allegations in paragraph 164, and to the extent an admission or denial is required, they are therefore denied.

165.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 165, and to the extent an admission or denial is required, they are therefore denied.

166.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 166, and to the extent an admission or denial is required, they are therefore denied.

167.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 167, and to the extent an admission or denial is required, they are therefore denied.

168.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 168, and to the extent an admission or denial is required, they are therefore denied.

169.    No response to Paragraph 169 is required because the allegations against Defendant Donald Gallagher were dismissed by this Court in ECF No. 148.

170.    DPSCS Defendants deny that Ms. Gilliam was housed at BCCC anytime during December 19, 2021 through May 13, 2022.  DPSCS Defendants are otherwise without information sufficient to form a belief as to the remaining factual allegations in Paragraph 170, but to the extent an admission or denial is required, they are therefore denied.

171.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 171, and to the extent an admission or denial is required, they are therefore denied.

172.    DPSCS Defendants admit that Ms. Grey was diagnosed with gender dysphoria in December 2021 and began receiving oral hormone treatment, but otherwise deny the remaining allegations in Paragraph 172.

173.    DPSCS Defendants deny that any lapse in hormone treatments was an intentional act.  DPSCS Defendants are without information sufficient to form a belief as to the remaining factual allegations in Paragraph 173, but to the extent an admission or denial is required, they are therefore denied

174.    DPSCS Defendants deny that any lapse in hormone treatments was an intentional act.  DPSCS Defendants are without information sufficient to form a belief as to the remaining factual allegations in Paragraph 174, but to the extent an admission or denial is required, they are therefore denied

175.    DPSCS Defendants deny that any lapse in hormone treatments was an intentional act.  DPSCS Defendants are without information sufficient to form a belief as to the remaining factual allegations in Paragraph 175, but to the extent an admission or denial is required, they are therefore denied.

176.    DPSCS Defendants are without information sufficient to form a belief as to the factual allegations in Paragraph 176, but to the extent an admission or denial is required, they are therefore denied.

177.    DPSCS Defendants admit that the Department does not have a policy

25

regarding electrolysis, but DPSCS Defendants are otherwise without information sufficient to form a belief as to the remaining factual allegations in Paragraph 177, but to the extent an admission or denial is required, they are therefore denied.

178.   No response to the allegations that "[s]ince [Ms. Grey] was placed on administrative segregation, Health Care Does have consistently 'forgotten' to refill her hormone treatment," is required because the allegation does not concern DPSCS Defendants. DPSCS Defendants otherwise deny the remaining allegations in Paragraph 178.

179.   Admit.

180.   DSPCS Defendants admit that Vaniqua was discontinued in the United States soon after Ms. Grey received her prescription, but otherwise deny the remaining allegations in Paragraph 180.

181.   DPSCS Defendants are without information sufficient to form a belief as to the factual allegations in Paragraph 181, but to the extent an admission or denial is required, they are therefore denied.

182.   DPSCS Defendants are without information sufficient to form a belief as to the factual allegations in Paragraph 182, but to the extent an admission or denial is required, they are therefore denied.  Further, Ms. Holland's claims based on inadequate medical treatment against DPSCS Defendants were dismissed by this Court in ECF No. 148.

183.   DPSCS Defendants are without information sufficient to form a belief as to the factual allegations in Paragraph 183, but to the extent an admission or denial is required, they are therefore denied.  Further, Ms. Holland's claims based on inadequate medical

treatment against DPSCS Defendants were dismissed by this Court in ECF No. 148.

184.    DPSCS Defendants are without information sufficient to form a belief as to the factual allegations in Paragraph 184, but to the extent an admission or denial is required, they are therefore denied.  Further, Ms. Holland's claims based on inadequate medical treatment against DPSCS Defendants were dismissed by this Court in ECF No. 148.

185.    DPSCS Defendants admit that Ms. Gilliam was transferred to MRDCC on February 22, 2022, but otherwise deny the remaining allegations in Paragraph 185.

186.    DPSCS Defendants admit that Ms. Gilliam was placed in administrative segregation while incarcerated at MRDCC from February 22, 2022 to May 13, 2022, but otherwise deny the remaining allegations in Paragraph 186. DPSCS Defendants aver that Ms. Gilliam was placed on administrative segregation due to her request to be placed in protective custody.

187.    Admit, although DPSCS Defendants deny any negative inference based in the allegations of Paragraph 187 and state that incarcerated individuals are frequently shackled for transport in accordance with institutional security and DPSCS policies.

188.    DPSCS Defendants admit that Ms. Gilliam was placed in administrative segregation while incarcerated at MRDCC from February 22, 2022 to May 13, 2022, but otherwise deny the remaining allegations in Paragraph 188. DPSCS Defendants aver that Ms. Gilliam was placed on administrative segregation due to her request to be placed in protective custody.

189.    DPSCS Defendants admit that Ms. Gilliam was placed in administrative segregation while incarcerated at MRDCC from February 22, 2022 to May 13, 2022, but

otherwise deny the remaining allegations in Paragraph 189. DPSCS Defendants aver that Ms. Gilliam was placed on administrative segregation due to her request to be placed in protective custody.

190.    DPSCS Defendants admit that Ms. Gilliam was placed in administrative segregation while incarcerated at MRDCC from February 22, 2022 to May 13, 2022, but otherwise deny the remaining allegations in Paragraph 190. DPSCS Defendants aver that Ms. Gilliam was placed on administrative segregation due to her request to be placed in protective custody.

191.    DPSCS Defendants admit that Ms. Gilliam was placed in administrative segregation while incarcerated at MRDCC from February 22, 2022 to May 13, 2022, but otherwise deny the remaining allegations in Paragraph 191. DPSCS Defendants aver that Ms. Gilliam was placed on administrative segregation due to her request to be placed in protective custody.

192.    DPSCS Defendants admit that Ms. Gilliam was offered the option to return to general population at MRDCC, but otherwise deny the remaining allegations in Paragraph 192.

193.    DPSCS Defendants admit that Ms. Gilliam was placed in administrative segregation while incarcerated at MRDCC from February 22, 2022 to May 13, 2022, but otherwise deny the remaining allegations in Paragraph 193. DPSCS Defendants aver that Ms. Gilliam was placed on administrative segregation due to her request to be placed in protective custody.

194.    DPSCS Defendants are without information sufficient to form a belief as to

the truth of the factual allegations in paragraph 194, and to the extent an admission or denial is required, they are therefore denied. Further, Ms. Grey's allegations against DPSCS Defendants concerning her placement on administrative segregation under Count VI were dismissed by this Court in ECF No. 148.

195.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 195, and to the extent an admission or denial is required, they are therefore denied. Further, Ms. Grey's allegations against DPSCS Defendants concerning her placement on administrative segregation under Count VI were dismissed by this Court in ECF No. 148.

196.    Admit.

197.    Deny.

198.    Deny.

199.    DPSCS Defendants admit that Ms. Holland was placed in administrative segregation from June 28, 2022 to August 1, 2022, but otherwise deny the remaining allegations in Paragraph 199. Further, Ms. Holland's allegations against DPSCS Defendants concerning her placement on administrative segregation under Count VI were dismissed by this Court in ECF No. 148.

200.    DPSCS Defendants admit that Ms. Holland was placed in administrative segregation from June 28, 2022 to August 1, 2022, but otherwise deny the remaining allegations in Paragraph 200. Further, Ms. Holland's allegations against DPSCS Defendants concerning her placement on administrative segregation under Count VI were dismissed by this Court in ECF No. 148.

201.     DPSCS Defendants admit that the cited article contains the quoted language, but otherwise deny the allegations in Paragraph 201.

202.     DPSCS Defendants admit that the cited article contains the quoted language, but otherwise deny the allegations in Paragraph 202

203.     Admit.

204.     DPSCS Defendants admit that the cited article contains the quoted language, but otherwise DPSCS Defendants are without information sufficient to form a belief as to the truth of the remaining factual allegations in paragraph 204, and to the extent an admission or denial is required, they are therefore denied.

205.     DPSCS Defendants admit that the cited article contains the quoted language.

206.     DPSCS Defendants otherwise are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 206, and to the extent an admission or denial is required, they are therefore denied.

207.     DPSCS Defendants admit that Ms. Grey held a position as a teacher's aide, but otherwise deny the remaining allegations in Paragraph 207.

208.     Deny.

209.     Deny.

210.     DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 210, and to the extent an admission or denial is required, they are therefore denied.

211.     Deny.

212.     Deny.

**COUNT I**

213.    In response to the allegations contained in Paragraph 213 of the Complaint, DPSCS Defendants incorporate the responses to Paragraphs 1-212 as if fully set forth herein.

214.    Paragraph 214 states only legal conclusions and requires no response.

215.    Paragraph 215 states only legal conclusions and requires no response.

216.    Paragraph 216 states only legal conclusions and requires no response.

217.    Paragraph 217 states only legal conclusions and requires no response.

218.    DPSCS Defendants admit that the studies and articles cited in notes 23-24 contain the quoted language, but otherwise deny the allegations in Paragraph 218.

219.    Admit.

220.    No response to Paragraph 220 is required because the allegations against DPSCS Defendants in Count I were dismissed by this Court in ECF No. 148.

221.    No response to Paragraph 221 is required because the allegations against DPSCS Defendants in Count I were dismissed by this Court in ECF No. 148.

222.    No response to Paragraph 222 is required because the allegations against DPSCS Defendants in Count I were dismissed by this Court in ECF No. 148.

223.    No response to Paragraph 223 is required because the allegations against DPSCS Defendants in Count I were dismissed by this Court in ECF No. 148.

**COUNT II**

224.    In response to the allegations contained in Paragraph 224 of the Complaint, DPSCS Defendants incorporate the responses to Paragraphs 1-223 as if fully set forth

herein.

225.    Paragraph 225 states only legal conclusions and requires no response.

226.    Paragraph 226 states only legal conclusions and requires no response.

227.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 227, and to the extent an admission or denial is required, they are therefore denied.

228.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 228, and to the extent an admission or denial is required, they are therefore denied.

229.    No response to Paragraph 229 is required because the allegations against DPSCS Defendants in Count II were dismissed by this Court in ECF No. 148.

230.    No response to Paragraph 230 is required because the allegations against DPSCS Defendants in Count II were dismissed by this Court in ECF No. 148.

231.    No response to Paragraph 231 is required because the allegations against DPSCS Defendants in Count II were dismissed by this Court in ECF No. 148.

232.    No response to Paragraph 232 is required because the allegations against DPSCS Defendants in Count II were dismissed by this Court in ECF No. 148.

233.    No response to Paragraph 233 is required because the allegations against DPSCS Defendants in Count II were dismissed by this Court in ECF No. 148.

## COUNT III

234.    In response to the allegations contained in Paragraph 234 of the Complaint, DPSCS Defendants incorporate the responses to Paragraphs 1-233 as if fully set forth

herein.

235.    Paragraph 235 states only legal conclusions and requires no response.

236.    Paragraph 236 states only legal conclusions and requires no response.

237.    No response to Paragraph 237 is required because the allegations against DPSCS Defendants in Count III were dismissed by this Court in ECF No. 148.

238.    No response to Paragraph 238 is required because the allegations against DPSCS Defendants in Count III were dismissed by this Court in ECF No. 148.

239.    No response to Paragraph 239 is required because the allegations against DPSCS Defendants in Count III were dismissed by this Court in ECF No. 148.

240.    No response to Paragraph 240 is required because the allegations against DPSCS Defendants in Count III were dismissed by this Court in ECF No. 148.

## COUNT IV

241.    In response to the allegations contained in Paragraph 241 of the Complaint, DPSCS Defendants incorporate the responses to Paragraphs 1-240 as if fully set forth herein.

242.    Paragraph 242 states only legal conclusions and requires no response.

243.    Paragraph 243 states only legal conclusions and requires no response.

244.    DPSCS Defendants admit that the studies and articles cited in notes 23-24 contain the quoted language, but otherwise deny the allegations in Paragraph 244.

245.    Admit.

246.    No response to Ms. Holland's allegations in Paragraph 246 is required because Ms. Holland's allegations against DPSCS Defendants in Count IV were dismissed

by this Court in ECF No. 148. DPSCS Defendants otherwise deny the remaining allegations in Paragraph 246.

247.    No response to Ms. Holland's allegations in Paragraph 247 is required because Ms. Holland's allegations against DPSCS Defendants in Count IV were dismissed by this Court in ECF No. 148. DPSCS Defendants otherwise deny the remaining allegations in Paragraph 247.

248.    No response to Ms. Holland's allegations in Paragraph 248 is required because Ms. Holland's allegations against DPSCS Defendants in Count IV were dismissed by this Court in ECF No. 148. DPSCS Defendants otherwise deny the remaining allegations in Paragraph 248.

249.    No response to Ms. Holland's allegations in Paragraph 249 is required because Ms. Holland's allegations against DPSCS Defendants in Count IV were dismissed by this Court in ECF No. 148. DPSCS Defendants otherwise deny the remaining allegations in Paragraph 249.

250.    No response to Ms. Holland's allegations in Paragraph 250 is required because Ms. Holland's allegations against DPSCS Defendants in Count IV were dismissed by this Court in ECF No. 148. DPSCS Defendants otherwise deny the remaining allegations in Paragraph 250.

251.    Deny.

## <u>COUNT V</u>

252.    In response to the allegations contained in Paragraph 252 of the Complaint, DPSCS Defendants incorporate the responses to Paragraphs 1-251 as if fully set forth

herein.

253.    Paragraph 253 states only legal conclusions and requires no response.

254.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 254, and to the extent an admission or denial is required, they are therefore denied.

255.    DPSCS Defendants are without information sufficient to form a belief as to the truth of the factual allegations in paragraph 255, and to the extent an admission or denial is required, they are therefore denied.

256.    No response to Ms. Holland's allegations in Paragraph 256 is required because Ms. Holland's allegations against DPSCS Defendants in Count V were dismissed by this Court in ECF No. 148. DPSCS Defendants otherwise deny the remaining allegations in Paragraph 256.

257.    No response to Ms. Holland's allegations in Paragraph 257 is required because Ms. Holland's allegations against DPSCS Defendants in Count V were dismissed by this Court in ECF No. 148. DPSCS Defendants otherwise deny the remaining allegations in Paragraph 257.

258.    No response to Ms. Holland's allegations in Paragraph 258 is required because Ms. Holland's allegations against DPSCS Defendants in Count V were dismissed by this Court in ECF No. 148. DPSCS Defendants otherwise deny the remaining allegations in Paragraph 258.

259.    No response to Ms. Holland's allegations in Paragraph 259 is required because Ms. Holland's allegations against DPSCS Defendants in Count V were dismissed

by this Court in ECF No. 148. DPSCS Defendants otherwise deny the remaining allegations in Paragraph 259.

260.    No response to Ms. Holland's allegations in Paragraph 260 is required because Ms. Holland's allegations against DPSCS Defendants in Count V were dismissed by this Court in ECF No. 148. DPSCS Defendants otherwise deny the remaining allegations in Paragraph 260.

261.    Deny.

## COUNT VI

262.    No response to Paragraph 262 is required because the allegations against DPSCS Defendants in Count VI were dismissed by this Court in ECF No. 148.

263.    No response to Paragraph 263 is required because the allegations against DPSCS Defendants in Count VI were dismissed by this Court in ECF No. 148.

264.    No response to Paragraph 264 is required because the allegations against DPSCS Defendants in Count VI were dismissed by this Court in ECF No. 148.

265.    No response to Paragraph 265 is required because the allegations against DPSCS Defendants in Count VI were dismissed by this Court in ECF No. 148.

266.    No response to Paragraph 266 is required because the allegations against DPSCS Defendants in Count VI were dismissed by this Court in ECF No. 148.

267.    No response to Paragraph 267 is required because the allegations against DPSCS Defendants in Count VI were dismissed by this Court in ECF No. 148.

268.    No response to Paragraph 268 is required because the allegations against DPSCS Defendants in Count VI were dismissed by this Court in ECF No. 148.

269.    No response to Paragraph 269 is required because the allegations against DPSCS Defendants in Count VI were dismissed by this Court in ECF No. 148.

## COUNT VII

270.    In response to the allegations contained in Paragraph 270 of the Complaint, DPSCS Defendants incorporate the responses to Paragraphs 1-269 as if fully set forth herein.

271.    Paragraph 271 states only legal conclusions and requires no response.

272.    Paragraph 272 states only legal conclusions and requires no response.

273.    No response to Paragraph 273 is required because the allegations against DPSCS Defendants in Count VII were dismissed by this Court in ECF No. 148.

274.    No response to Paragraph 274 is required because the allegations against DPSCS Defendants in Count VII were dismissed by this Court in ECF No. 148.

275.    No response to Paragraph 275 is required because the allegations against DPSCS Defendants in Count VII were dismissed by this Court in ECF No. 148.

276.    No response to Paragraph 276 is required because the allegations against DPSCS Defendants in Count VII were dismissed by this Court in ECF No. 148.

277.    No response to Paragraph 277 is required because the allegations against DPSCS Defendants in Count VII were dismissed by this Court in ECF No. 148.

278.    No response to Paragraph 278 is required because the allegations against DPSCS Defendants in Count VII were dismissed by this Court in ECF No. 148.

279.    No response to Paragraph 279 is required because the allegations against DPSCS Defendants in Count VII were dismissed by this Court in ECF No. 148.

280.    No response to Paragraph 280 is required because the allegations against DPSCS Defendants in Count VII were dismissed by this Court in ECF No. 148.

281.    No response to Paragraph 281 is required because the allegations against DPSCS Defendants in Count VII were dismissed by this Court in ECF No. 148.

## COUNT VIII

282.    In response to the allegations contained in Paragraph 282 of the Complaint, DPSCS Defendants incorporate the responses to Paragraphs 1-281 as if fully set forth herein.

283.    Paragraph 283 states only legal conclusions and requires no response.

284.    Paragraph 284 states only legal conclusions and requires no response.

285.    Paragraph 285 states only legal conclusions and requires no response.

286.    Paragraph 286 states only legal conclusions and requires no response.

287.    Paragraph 287 states only legal conclusions and requires no response.

288.    Paragraph 288 states only legal conclusions and requires no response.

289.    Paragraph 289 states only legal conclusions and requires no response.

290.    Admit.

291.    Paragraph 291 states only legal conclusions and requires no response.

292.    Paragraph 292 states only legal conclusions and requires no response.

293.    DPSCS Defendants deny that Ms. Gilliam was housed at BCCC from December 17, 2021, to May 13, 2022, but otherwise admit the remaining allegations.

294.    Admit.

295.    Admit.

296.    No response to Paragraph 296 is required because the allegations against DPSCS Defendants based on inadequate medical treatment in Count VIII were dismissed by this Court in ECF No. 148.

297.    Deny.

298.    Deny.

299.    Deny.

300.    Deny.

301.    Deny.

302.    Deny.

303.    Deny.

304.    Deny.

305.    Deny.

306.    Deny.

307.    Deny.

308.    Deny.

**<u>COUNT IX</u>**

309.    In response to the allegations contained in Paragraph 309 of the Complaint, DPSCS Defendants incorporate the responses to Paragraphs 1-308 as if fully set forth herein.

310.    Paragraph 310 states only legal conclusions and requires no response.

311.    Paragraph 311 states only legal conclusions and requires no response.

312.    Paragraph 312 states only legal conclusions and requires no response.

313.    Paragraph 313 states only legal conclusions and requires no response.

314.    Paragraph 314 states only legal conclusions and requires no response.

315.    Paragraph 315 states only legal conclusions and requires no response.

316.    Paragraph 316 states only legal conclusions and requires no response.

317.    Paragraph 317 states only legal conclusions and requires no response.

318.    DPSCS Defendants deny that Ms. Gilliam was housed at BCCC from December 17, 2021, to May 13, 2022, but otherwise admit the remaining allegations.

319.    Admit.

320.    Admit.

321.    No response to Paragraph 321 is required because the allegations against DPSCS Defendants based on inadequate medical treatment in Count VIII were dismissed by this Court in ECF No. 148.

322.    Deny.

323.    Deny.

324.    Deny.

325.    Deny.

326.    Deny.

327.    Deny.

328.    Deny.

329.    Deny.

330.    Deny.

331.    Deny.

332.    Deny.

333.    Deny.

## **COUNT X**

334.    No response to Paragraph 334 is required because the allegations against DPSCS Defendants in Count X were dismissed by this Court in ECF No. 148.

335.    No response to Paragraph 335 is required because the allegations against DPSCS Defendants in Count X were dismissed by this Court in ECF No. 148.

336.    No response to Paragraph 336 is required because the allegations against DPSCS Defendants in Count X were dismissed by this Court in ECF No. 148.

337.    No response to Paragraph 337 is required because the allegations against DPSCS Defendants in Count X were dismissed by this Court in ECF No. 148.

338.    No response to Paragraph 338 is required because the allegations against DPSCS Defendants in Count X were dismissed by this Court in ECF No. 148.

## **COUNT XI**

339.    In response to the allegations contained in Paragraph 339 of the Complaint, DPSCS Defendants incorporate the responses to Paragraphs 1-338 as if fully set forth herein.

340.    No response to Paragraph 340 is required because the allegations against DPSCS Defendants in Count XI were dismissed by this Court in ECF No. 148.

341.    No response to Paragraph 341 is required because the allegations against DPSCS Defendants in Count XI were dismissed by this Court in ECF No. 148.

342.    No response to Paragraph 342 is required because the allegations against

DPSCS Defendants in Count XI were dismissed by this Court in ECF No. 148.

343.    No response to Paragraph 343 is required because the allegations against DPSCS Defendants in Count XI were dismissed by this Court in ECF No. 148.

344.    No response to Paragraph 344 is required because the allegations against DPSCS Defendants in Count XI were dismissed by this Court in ECF No. 148.

345.    No response to Paragraph 345 is required because the allegations against DPSCS Defendants in Count XI were dismissed by this Court in ECF No. 148.

346.    No response to Paragraph 346 is required because the allegations against DPSCS Defendants in Count XI were dismissed by this Court in ECF No. 148.

## COUNT XII

347.    In response to the allegations contained in Paragraph 347 of the Complaint, DPSCS Defendants incorporate the responses to Paragraphs 1-346 as if fully set forth herein.

348.    No response to Paragraph 348 is required because the allegations against DPSCS Defendants in Count XII were dismissed by this Court in ECF No. 148.

349.    No response to Paragraph 349 is required because the allegations against DPSCS Defendants in Count XII were dismissed by this Court in ECF No. 148.

350.    No response to Paragraph 350 is required because the allegations against DPSCS Defendants in Count XII were dismissed by this Court in ECF No. 148.

351.    No response to Paragraph 351 is required because the allegations against DPSCS Defendants in Count XII were dismissed by this Court in ECF No. 148.

352.    No response to Paragraph 352 is required because the allegations against

DPSCS Defendants in Count XII were dismissed by this Court in ECF No. 148.

353.   No response to Paragraph 353 is required because the allegations against DPSCS Defendants in Count XII were dismissed by this Court in ECF No. 148.

## PRAYER FOR RELIEF

For the reasons stated herein, Plaintiffs' requested relief should be denied

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendants did not commit any of the wrongs alleged.

### SECOND DEFENSE

Defendants' actions were performed in a reasonable good faith belief that those actions were proper.

### THIRD DEFENSE

Defendants' actions were performed in good faith reliance on standard operating procedures.

### FOURTH DEFENSE

The Complaint does not state a claim upon which the relief prayed can be granted against Defendants.

### FIFTH DEFENSE

The claims of the Complaint are barred because Plaintiffs Holland and Grey have not exhausted all administrative and procedural prerequisites to any claims arising from

this action, including exhaustion of administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

<b>SIXTH DEFENSE</b>

Plaintiffs' claims are barred by the Eleventh Amendment of the United States Constitution and sovereign immunity.

<b>SEVENTH DEFENSE</b>

Each and every act and action of Defendants taken with respect to the Plaintiffs was done and performed in good faith, in the official discharge of their duty as an employee of the Maryland Department of Public Safety and Correctional Services, and with a reasonable belief as to the constitutionality and legality of their actions for which they enjoy immunity from liability under state and federal law, including qualified immunity.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland


 /s/ Merrilyn E. Ratliff
MERRILYN E. RATLIFF
Assistant Attorney General
Federal Bar No. 30034
6776 Reisterstown Road, Suite 313
Baltimore, Maryland 21215
(410) 585-3947 (Telephone)
(410) 484-5939 (Telefax)
E-mail:  merrilyn.ratliff@maryland.gov


 /s/ Kelly M. Donoho
KELLY M. DONOHO
Federal Bar No. 30786

Assistant Attorney General
Department of Public Safety and
Correctional Services
6776 Reisterstown Road, Suite 313
Baltimore, Maryland 21215
Tel: (410) 585-3544
Fax: (410) 484-5939
Email:kelly.donoho@maryland.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of January, 2025, a copy of the foregoing

DPSCS Defendants' Answer was served via the electronic filing system on counsel for all

parties.

*/s/ Kelly M. Donoho*
Kelly M. Donoho