IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| CHELSEA GILLIAM, *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Action No. 1:23-cv-1047 |
| DEPARTMENT OF PUBLIC SAFETY & CORRECTIONAL SERVICES, *et al.*, | * | |
| | * | |
| *Defendants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**STIPULATED PROTECTIVE ORDER REGARDING
DISCLOSURE OF CONFIDENTIAL INFORMATION**

WHEREAS, all Plaintiffs and Defendants—except YesCare Corp. (collectively, the "Parties"), anticipate that discovery in this action will include highly sensitive information including, but not limited to, medical records, personnel files, photographs, videotapes, and other non-public information regarding the conditions of correctional facilities and the policies and procedures of the Maryland Department of Public Safety and Correctional Services ("DPSCS" or "the Department"), which should be protected from public disclosure, the Parties have agreed and stipulated by, between, and among their respective counsel, to the entry of this Stipulated Protective Order ("Protective Order") to protect against public disclosure of such documents and information;

Accordingly, upon the stipulation of the parties and pursuant to Rule 26 of the Federal Rules of Civil Procedure, it is this 12th day of June 2025, by the United States District Court for the District of Maryland, ORDERED:

A.      That in the course of discovery in the above-referenced case, information and documents may be produced that the producing party believes contains confidential information under state or federal law. For purposes of this Protective Order, "Confidential Information" means any discovery material or information 1) reasonably believed by the producing entity or person not to be in the public domain, for example, because it is or contains information protected from disclosure under federal or state law, sensitive personal information, medical information, trade secrets, or other confidential research, development, or commercial information; and 2) the disclosure of which the producing entity or person reasonably believes would adversely affect a party's or other person's privacy or governmental, business, or financial interests.

B.      The parties wish to ensure that the disclosure of such information through discovery in this action will not lead to its dissemination beyond the scope necessary for litigation of this action and the Court finds that good cause exists to protect such information against such disclosures or dissemination.

**IT IS THEREFORE ORDERED:**

1.      That good cause exists for the entry of this Order, and the process set forth below in this Protective Order shall apply to all information, documents and things subject to disclosure or discovery under the Rules of Civil Procedure from any party to this action, including, and without limitation, testimony adduced and exhibits presented at depositions upon oral examination, or upon written questions pursuant to Rules 30 and 31, answers to interrogatories pursuant to Rule 33, documents and tangible things produced pursuant to Rule 34, and answers to requests for admission pursuant to Rule 36.

2.      That a party producing information, documents or things in discovery, which it believes in good faith to be Confidential Information as described in Paragraph A, may designate

the same as "CONFIDENTIAL" by so marking any such documents or by otherwise indicating in writing that the information is Confidential Information in a manner that will not interfere with its legibility. Any such designation shall be made (1) at the time that answers to interrogatories or answers to requests for admissions are served; or (2) within thirty days of the entry of this order if the information has already been produced; or (3) at the time, following inspection, that tangible things or copies of documents are furnished to a party conducting such discovery; and (4) in the case of a deposition transcript, a party claiming that information contained therein is confidential shall advise opposing counsel in writing of the specific pages of the deposition to be treated as "CONFIDENTIAL" within seven days after receipt of the transcript of the deposition. A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

3.  Any document previously produced by a party during the course of discovery, which the party later informs the other party is Confidential Information as contemplated by this Order, and which is not so stamped, shall be treated by the parties as if it is Confidential Information notwithstanding the lack of a stamp.

4.  The inadvertent, unintentional, or *in camera* disclosure of Confidential Information that is not marked as such shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of privilege or confidentiality. The producing party shall provide substitute documents bearing the proper designation at the same time it informs the other party that the documents should be treated as confidential.

5.  Information or documents designated as Confidential Information under this Protective Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraphs 7 and 8 below for any purposes whatsoever other than preparing

for and conducting the litigation in which the information or documents were disclosed (including appeals).

6. Certain discovery material may contain information that is so sensitive that it should not be disclosed to any person other than counsel for the parties and counsel's staff, and in particular, should not be disclosed to the parties themselves. A producing party may designate discovery material as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" if such party reasonably believes that such discovery material contains highly sensitive security or personal information and disclosure of which (including to a party) is likely to cause significant harm to an individual or to the business or security of the producing party. Such information shall be produced on a "CONFIDENTIAL-ATTORNEYS' EYES ONLY" basis and disclosed only to persons permitted under paragraph 8 of this Order. Except as otherwise provided in this Order, information designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not be shown to the parties, but shall otherwise be treated in the manner as documents designated as "CONFIDENTIAL." Among the documentation that any party may designate as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" are the following:

(i) Personal identifying information, including, but not limited to, home address, date of birth, telephone numbers, and social security numbers;

(ii) Names and identifying information of witnesses, where disclosure of that information is likely to result in significant harm, including retaliation, against a party, its agents, and representatives;

(iii) Directives, policies or procedures, visual displays or recordings of a correctional facility or institution, intelligence information, or investigatory files, the disclosure of which would result in an identifiable security risk;

(iv)    Information regarding the designation or placement of video cameras at any DPSCS institution when the disclosure of such information would likely result in an immediate, identifiable security risk; and

(v)    Personnel records of DPSCS employees, agents, and officials.

7. Discovery material designated as "CONFIDENTIAL" (but not "CONFIDENTIAL-ATTORNEYS' EYES ONLY") may only be disclosed, revealed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to:

(i)    An attorney retained by a party or employed by a party, who is actively engaged in the conduct of the above captioned case.

(ii)    A member of the paralegal, secretary, and clerical staff (including court reporters) assisting an attorney qualified as a recipient pursuant to subparagraph (i), above, including law clerks and associates, to the extent reasonably necessary to render professional services in the above referenced case.

(iii)    A party or a party's employee whose duties include assisting the party in connection with litigation between the parties.

(iv)    A consultant or expert employed by an attorney who is qualified as a recipient pursuant to subparagraph (i), above, in connection with this litigation between the parties; provided, however, that before Confidential Information is disclosed to any such consultant or expert, said attorneys shall secure from the consultant or expert an executed "Certification Concerning Material Covered By Stipulated Protective Order" (appended to this Order), which provides that the consultant or expert has read and agrees to abide by the terms of this Protective Order.

5

(v) Employees of copying or scanning service companies utilized with respect to the prosecution or defense of litigation between the parties.

(vi) Third party contractors and their employees in the above referenced case who will be involved in organizing, filing, storing or retrieving data or designated programs for handling data in connection with the above referenced case, including the performance of such duties in relation to a manual or computerized litigation support system.

(vii) Witnesses or potential witnesses in the above referenced case to the extent reasonably necessary in preparing to testify or testifying; provided, however, that before Confidential Information is disclosed to any such witness or potential witness, the disclosing attorneys shall secure from the witness or potential witness an executed "Certification Concerning Material Covered By Stipulated Protective Order" (appended to this Order), which provides that he or she has read and agrees to abide by the terms of this Order.

(viii) This Protective Order does not extend to and is not binding on Court personnel and jurors.

(ix) Use of working copies, as described below in paragraph 11, is also permitted for the purposes set forth in paragraph 11, subject to all other terms, conditions and limitations of this Order.

8. Discovery material designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may only be disclosed, revealed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to:

(i) An attorney retained by a party or employed by a party, who is actively engaged in the conduct of the above captioned case, and regular and temporary employees and

service vendors of such attorney (including copying, scanning, and litigation support services) assisting in the conduct of this litigation for use in accordance with this Order;

        (ii)    Subject to Paragraph 9, consultants or experts employed by an attorney in this litigation and their employees and clerical assistants, to the extent reasonably necessary to aid in the prosecution, defense, or settlement of this litigation;

        (iii)    Subject to Paragraph 9, and with prior permission of the producing party, non-expert witnesses or deponents and their attorneys;

        (iv)    Court personnel and jurors

    9.    Before "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material is disclosed to any person other than those identified in Paragraphs 8(i) and 8(iv), the disclosing attorneys shall secure from the witness or potential witness an executed "Certification Concerning Material Covered By Stipulated Protective Order" (appended to this Order), which provides that he or she has read and agrees to abide by the terms of this Order. However, if a witness is to be shown such discovery material for the first time at a deposition or a hearing, the requirements of this paragraph will be satisfied for purposes of that deposition or hearing if that witness is informed of this Order and its terms.

    10.    Confidential Information shall be held in confidence by each person to whom it is disclosed pursuant to this Order, to be used only for purposes of this litigation, and shall not be used in or for any other litigation, or for any other purposes, and shall not be disclosed to anyone not entitled to receive such information under Paragraph 5, above. Before disclosing any of the Confidential Information to any person specified in Paragraph 5, the discovering counsel will advise those persons that the documents shall not be disclosed to any person except in accordance with the terms, conditions and restrictions of this Order, and that any such document must be

returned to the discovering attorney no later than the time this litigation ends. Counsel will also provide a copy of this Protective Order.

11. It shall be the responsibility of the attorneys retained by the parties to employ reasonable measures to control, consistent with this Protective Order, duplication of, access to, distribution of copied discovery material designated as Confidential Information. This Protective Order shall not limit or affect a producing party's right to disclose documents or other discovery materials produced by that party, to the extent otherwise permitted by law.

12. Nothing contained in the provisions of this Protective Order shall be deemed to preclude any party at any time from raising any other objection to production or from seeking and obtaining from the Court on an appropriate showing, additional protection pursuant to Rule 26(c), including an Order that the material should not be produced at all.

13. Nothing contained in the provisions of this Protective Order shall be deemed to preclude a party from objecting to the other party's designation of a document as confidential within thirty days of the designation. If there is a timely objection, the producing party will have thirty days to file a motion for protective order, which will be resolved in the manner provided by Rules 26(c) and 37(a)(5). The burden of proving the confidentiality of the designated information remains with the party asserting such confidentiality. Absent the timely filing of such a motion, the information shall not be treated as confidential under this order. If the party requesting production does not object in writing within thirty days to the designation of any records produced as confidential, such records will be treated as confidential.

14. Nothing contained in the provisions of this Protective Order nor a party's production of documents shall be deemed a waiver of any discovery or evidentiary objection, or

any claim of privilege which might attach to such documents or to any other documents in this or any other litigation or in any other context.

      15.      In the event a party seeks to file any document containing Confidential Information subject to protection under this Protective Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document that excises or obscures the confidential information; (b) where appropriate and as permitted by Court Order (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) filing the document or portions thereof under seal. If the party filing the document containing confidential information is the designating party and the document has not previously been produced in discovery, the designating party shall file a motion for leave to file under seal and include a declaration identifying the confidential information contained in the document and explaining why the document is sealable.

      16.      The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, an unredacted confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the confidential document as may be required by a scheduling or other order. Any party may move the Court for an order that the confidential document be received in camera or under other conditions to prevent unnecessary disclosure or designation as not confidential. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protections may be afforded to such information at the trial or hearing.

17. The provisions of this Protective Order shall not terminate at the conclusion of this action. Within thirty days of final termination of this action, including the exhaustion of all appeals, all persons receiving and possessing Confidential Information shall return all copies of such information to the attorneys for the producing party or destroy all copies and certify via writing that all such information has been returned or destroyed, except that the attorneys who have received or possess Confidential Information may maintain one copy of Confidential Information for the sole purpose of defending against potential future attorney malpractice claims or bar complaints.

| | |
|---|---|
| */s/*<br>Eve L. Hill (Bar No. 19938)<br>Jessica P. Weber (Bar No. 17893)<br>Lauren A. DiMartino (Bar No. 22046)<br>Brown, Goldstein & Levy, LLP<br>120 E. Baltimore Street, Suite 2500<br>Baltimore, Maryland 21202<br>(410) 962-1030 (phone)<br>(410) 385-0869 (fax)<br>ehill@browngold.com<br>jweber@browngold.com<br>ldimartino@browngold.com<br><br>Deborah M. Golden (Bar No. 18657)<br>The Law Office of Deborah M. Golden<br>700 Pennsylvania Ave. SE, 2nd Floor<br>Washington, DC 20003<br>202-630-0332<br>dgolden@debgoldenlaw.com<br><br>*Attorneys for Plaintiffs* | ANTHONY G. BROWN<br>Attorney General of Maryland<br><br>*/s/*<br>Merrilyn E. Ratliff (Bar No. 30034)<br>Kelly M. Donoho (Bar No. 30786)<br>Assistant Attorney General<br>6776 Reisterstown Road, Suite 313<br>Baltimore, MD 21215<br>T: 410-585-3544<br>F: 410-484-5939<br>merrilyn.ratfliff@maryland.gov<br>kelly.Donoho@maryland.gov<br><br>*Attorneys for DPSCS Defendants* |

/S/
_____
Hon. Matthew J. Maddox
United States District Court
for the District of Maryland

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| CHELSEA GILLIAM, *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Action No. 1:23-cv-1047 |
| DEPARTMENT OF PUBLIC SAFETY & CORRECTIONAL SERVICES, *et al.*, | * | |
| *Defendants.* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CERTIFICATION CONCERNING**
**<u>MATERIAL COVERED BY STIPULATED PROTECTIVE ORDER</u>**

I, _____ being duly sworn, state that:

1. My present address is _____. My present employer is _____, and the address of my present employer is _____. My present occupation is _____.

2. I have received a copy of the Stipulated Protective Order Regarding Disclosure of Confidential Information ("Protective Order") in this action. I have carefully read and understand the provisions of the Protective Order.

3. I agree to be bound and will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Information and Confidential-Attorneys' Eyes Only material, including the substance and any copy, summary, abstract, excerpt, index or description of such material, that is disclosed to me.

11

4.        I will return all Confidential Information and Confidential-Attorneys' Eyes Only material that comes into my possession, and all documents and things that I have prepared relating thereto, to trial or outside counsel for the party by whom I am employed or retained or from whom I received such material when requested to do so.

5.        I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions and contempt by the Court and that the parties may assert other remedies against me, including injunctive relief. I hereby agree that the Court has jurisdiction to enforce the terms of this Protective Order, and submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

_____
Signature

_____
Printed Name

_____
Date