UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHELSEA GILLIAM, *ET AL.*,  Plaintiff,  v.  DEPARTMENT OF PUBLIC SAFETY & CORRECTIONAL SERVICES, *et al.*.  Defendants. | Civil Action No. MJM-23-1047 |

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS YESCARE CORP.'S MOTION TO STAY**

Plaintiffs respectfully oppose the motion to stay filed in this action on June 11, 2025, by Defendant YesCare Corp. styled as a "Motion to Stay this Action Unless the U.S. Bankruptcy Court for the Southern District of Texas in *In re Tehum Care Services, Inc.* Issues an Order Permitting the Plaintiff to Further Prosecute the Action." *See* ECF No. 160. YesCare provides no meaningful justification for a stay of these proceedings against it. Even more so, it provides no justification at all to delay these proceedings as against any of the other defendants. In doing so, YesCare asserts that YesCare is a "former employee of the Debtor," ECF No. 160 at 2, a claim that is plainly incorrect. Perhaps YesCare intended to reveal that certain Doe Defendants in this action were former employees of Tehum. Whatever the intent, the motion should not be granted.

This motion stems from Corizon Health—the corporation that used to provide medical care to people held by the Department of Public Safety and Correctional Services—undertaking the corporate restructuring known as the "Texas Two-Step." *See, e.g. LTL Mgmt., L.L.C. v. Those Parties Listed on Appendix A to Complaint* (*In re LTL Mgmt., L.L.C.*),

64 F.4th 84, 95-96 (3d Cir. 2023) (describing the process of the intersection of Texas state law and the Bankruptcy Code to divide assets and liabilities between to companies); *see also* Gray Reed, Press Release, Gray Reed Secures Court Approval for First-Ever Divisional Merger Chapter 11 Plan (March 5, 2025), available at https://www.grayreed.com/NewsResources/Press-Releases/264404/Gray-Reed-Secures-Court-Approval-for-First-Ever-Divisional-Merger-Chapter-11-Plan, (describing the action as a "'Texas Two Step' divisional merger case.'").

In this example, in 2022, Corizon converted from a Tennessee company to a Texas company, created a company called Tehum Care Services, and moved most of its debts to that company. Tehum then declared bankruptcy. Corizon then created another company—YesCare—and that company took over Corizon's assets and contracts for healthcare delivery. See Unanimous Written Consent of the Board of Directors of Corizon Health, Inc. (May 1, 2022), filed in *Tehum Care Services, Inc.*, Case 23-90086 (Texas Bankruptcy), ECF No. 59-10, pg. 23.

As this Texas Two-Step bankruptcy process began winding its way through the Texas Bankruptcy Court, this action was filed originally only by Ms. Gilliam on April 18, 2023, and included a claim against Corizon Health, Inc. ECF No. 1. On May 1, 2023, Ms. Gilliam filed an amended complaint removing Corizon Health as a defendant, while retaining her claims against the Health Care Does. Gilliam Action, ECF No. 13.

On May 8, 2023, Tehum Care Services, Inc., doing business as Corizon Health, Inc., filed a Suggestion of Bankruptcy. ECF No. 18. The Suggestion of Bankruptcy did not reference any other corporate or individual parties (such as YesCare or any Doe Defendants), nor did it state that claims against other corporate or individual parties could be released in bankruptcy proceedings. *Id.* That day, this Court issued an order that "as the Suggestion of Bankruptcy was only as to one defendant not the entire case . . . [the] [c]ase should proceed with remaining defendants as noted

on the docket." ECF No. 22. Presumably, the Court was referring to Corizon Health, which had been removed as a defendant here only a week prior.

This matter continued on, and Ms. Gilliam was joined by her two co-Plaintiffs. In the Fourth Amended Complaint, filed July 18, 2024, Ms. Gilliam, Ms. Holland, and Ms. Grey sought damages and—for Ms. Grey alone—injunctive relief against the Department, YesCare,[1] and individual Doe defendants yet unknown, including "Health Care Does," medical providers and other staff who were contracted or employed within DPSCS. ECF 122.

Following this Court's December 20, 2024 decision granting in part and denying in part the DPSCS Defendants' motion to dismiss, all three Plaintiffs retain § 1983 claims against the Health Care Does and Ms. Grey has a § 1983 claim against YesCare remaining as well. *See* ECF No. 146. Only Ms. Gilliam's claims against the Health Care Does pre-date Tehum's filing of bankruptcy.

And so that brings us to the current motion to stay. The asserted basis for YesCare's requested stay is a pending motion in the United States Bankruptcy Court for the Southern District of Texas. There, YesCare seeks a nationwide injunction that would terminate hundreds of meritorious cases by injured plaintiffs around the country, including this case, regardless of whether the plaintiffs had received *any* notice whatsoever about the Tehum bankruptcy or how that bankruptcy purports to release third parties like YesCare Corp. or the Health Care Does. *See* ECF No. 160-1.

The Plaintiffs have disputed the Bankruptcy Court's authority to grant YesCare's requested relief. Last week, Ms. Gilliam, Ms. Holland, and Ms. Grey joined with other affected litigants and

---

[1] Ms. Grey now seeks only damages from YesCare given that a new entity has taken over the contract to provide health care for the Department.

filed an objection to the Motion to Enjoin. *See* Ex. 1. In that filing, the Plaintiffs, in concert with others with cases pending in this court, object that the Motion to Enjoin would be constitutionally impermissible under the Due Process Clause of the Fifth Amendment, and textually impermissible under the plain terms of the Bankruptcy Court's order approving Tehum's Bankruptcy Plan. *See id.*

In the motion here, as the basis for relief in this Court, YesCare posits that: "[a]s the Bankruptcy Court has exclusive jurisdiction to determine issues related to the Plan and its injunctions, the present action should be stayed unless the Bankruptcy Court determines that it can continue." Mot. at 1. While the first clause in this sentence is true enough—the Bankruptcy Court *does* have exclusive jurisdiction to determine issues related to Tehum's Bankruptcy Plan—to date, no court has made any determination that *this* civil action against YesCare and Health Care Does is, in whole or in part, related to the Tehum Bankruptcy Plan. That question is currently before the Bankruptcy Court, and Plaintiffs have raised arguments in that forum that they believe will persuade the Bankruptcy Court not to grant YesCare's requested injunction.

In essence, YesCare asks this Court to anticipatorily cede jurisdiction over *this* case—the entire case—because it has filed a motion in the Bankruptcy Court with the hope it will lead that court to enjoin this civil action. YesCare wants to ascribe a preemptive role to the bankruptcy process that is untethered from common sense and unsupported by even a single citation to authority. Simply put, while a district court may be constrained to stay proceedings against a Debtor upon a suggestion of bankruptcy, a district court is not constrained to stay the entire litigation, much less a upon a suggestion of bankruptcy filed by a non-defendant third party.

Even assuming YesCare may rely on the Suggestion of Bankruptcy filed by Tehum doing business as Corizon, a request for a stay of the whole litigation arises purely incident to "the

4

inherent power in courts under their general equity powers and in the efficient management of their dockets to grant relief." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (denying discretionary stay of district court proceedings where asserted basis for stay was added litigation burdens caused by joint tortfeasors' pending bankruptcies). A party seeking such a stay "must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

*Williford* was an asbestos case. *Id.* Of the twenty-eight separate defendant asbestos manufacturers, four declared bankruptcy. *Id.* at 126. The remaining defendants moved to stay the proceedings against them, arguing that their four co-defendants were indispensable parties. *Id.* The Fourth Circuit clarified that the protections of the bankruptcy scheme allow "only for an automatic stay of any judicial proceeding 'against the debtor.'" *Id.* at 126 (citing 11 U.S.C. § 362(a)(1)). The Fourth Circuit then noted that its conclusion also derived support from the fact that Chapter 13 (unlike the Chapter 11 bankruptcy at issue here), specifically authorizes a stay of any action against any co-debtors. *Id.* at 127 (citing *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541 (5th Cir. 1983)).

The *Williford* court analyzed the potential equitable grounds for granting the co-defendant manufacturers a stay. The court found no "hardship or inequity" in continuing litigation against the movant nonbankrupt manufacturers. *Id.* at 128. It ruled that "the plaintiff's right to have his case resolved without undue delay," was more compelling than any interest the nonbankrupt manufacturers had in avoiding dealing with civil litigation and asserting their interests in a bankruptcy court. *Id.*

Here, YesCare has not tried to distinguish this litigation from what happened in *Williford*. Nor could it.

First, the potential harm to these three Plaintiffs in making their right to proceed in this Court, on all of their claims against all of the defendants, contingent on the Bankruptcy Court's resolution of a complex and novel motion is significant. The contested Motion to Enjoin filed in the Texas Bankruptcy Court assertedly applies to hundreds of cases around the country, and a thorough airing of that motion could take the Bankruptcy Court many months. Meanwhile, in this action, there is an operative TRO, protecting Ms. Grey's health and safety. ECF No. 75. Discovery is ongoing. *See, e.g.,* ECF No. 158 (Scheduling Order) and ECF No. 162 (Stipulated Protective Order). And the parties will be engaging in a settlement conference with a sincere hope to resolve or at least narrow the issues, this fall. ECF No. 159.

To grant a complete stay in this action, even solely regarding claims against YesCare and its former employees, because of an unlikely possible future injunction by the Bankruptcy Court would be an abuse of discretion. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983) ("[A] stay is as much a refusal to exercise federal jurisdiction as a dismissal" and if there is "any substantial doubt as to" whether parallel litigation "will be an adequate vehicle for the complete and prompt resolution of the issues between the parties[,] . . . it would be a serious abuse of discretion to grant the stay[.]"). Yet YesCare seeks a stay of the entire litigation, including claims against unrelated defendants. YesCare cannot satisfy the standard that this entire case is likely to be resolved in the Bankruptcy Court, in which the Department of Public Safety and Corrections and its employees are not even parties. *See id.* Ms. Grey's risks to her health and safety continue, no matter what happens in the Bankruptcy Court. All three Plaintiffs have damages claims that indisputably fall outside the Tehum bankruptcy. And all three Plaintiffs

deserve to proceed to seek deserved redress, without unjustifiable delay.[2]

Accordingly, Plaintiffs respectfully request that this Court deny YesCare's motion to stay. This litigation should continue while the Tehum bankruptcy continues to move through its own process.

                                                  Respectfully submitted,

*/s/ Deborah M. Golden*
Deborah M. Golden (Bar No. 18657)
Golden Law
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
202-630-0332
dgolden@debgoldenlaw.com


Eve L. Hill (Bar No. 19938)
Jessica P. Weber (Bar No. 17893)
Lauren A. DiMartino (Bar No. 22046)
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
(410) 962-1030 (phone)
(410) 385-0869 (fax)
ehill@browngold.com
jweber@browngold.com
ldimartino@browngold.com

*Attorneys for Plaintiff*

---

[2] Notwithstanding this, Plaintiffs will continue to work with counsel for all parties to make accommodations among the parties where practical considerations or circumstances warrant them.