IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

CHELSEA GILLIAM, *et al.*,           *

    Plaintiffs,                    *

v.                                   *    Civil Action No. MJM-23-1047

                                   *

DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONAL SERVICES, *et al.*, *

    Defendants.                    *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' MOTION TO HOLD
DEFENDANTS IN CONTEMPT AND FOR SANCTIONS**

On two separate occasions, Defendants have violated the Court's Order Scheduling Settlement Conference, ECF No. 159, greatly prejudicing Plaintiffs Chelsea Gilliam, Kennedy Holland, and Chloe Grey. Accordingly, Plaintiffs now ask this Court, pursuant to Federal Rule of Civil Procedure 16(f) and the Court's inherent authority, to hold Defendants in contempt and impose sanctions. Plaintiffs have now prepared (and cleared their schedules) for two settlement conferences in this matter and have prepared and submitted *ex parte* letters to the Court in advance of each conference. Plaintiffs sent settlement demands to the Department of Public Safety and Correctional Services ("DPSCS") and the individual Defendants (collectively, "DPSCS Defendants") on August 19, 2025, and to YesCare Corp. on September 4, 2025. *See* Ex. A-1, Aug. 19, 2025 e-mail from E. Hill; Ex. A-2, Sept. 4, 2025 e-mail from J. Weber. Yet, in contravention of the Court's Order, none of the Defendants have responded substantively to these settlement demands. Defendants' failure to engage in good faith settlement discussions, in violation of this Court's Order requiring them to do so by responding substantively to Plaintiffs'

demands at least three weeks before a scheduled settlement conference, is grounds for contempt and sanctions.

## Facts

This Court initially scheduled a settlement conference in this matter for October 8, 2025, with *ex parte* letter submissions due two weeks before on September 24. ECF No. 159 at 2. In its order scheduling the conference, the Court required the parties to contact the Court by April 11, 2025, if they had a conflict and needed to reschedule the conference. *Id.* at 1. The Court's order further required that "the parties confer in writing before the settlement conference," as part of a good faith effort to resolve the case on their own. *Id.* at 3. Pursuant to this order, Plaintiffs sent Defendants their settlement demands more than a month in advance of the settlement conference. *See* Exs. A-1 & A-2. The Court's order then required Defendants to,

> respond . . . in writing within one week of receiving [Plaintiffs'] demand or no later than three weeks before the settlement conference, whichever is later. The response shall address each category of damages claimed and shall likewise identify any evidentiary support for Defendant(s)' response. If the Defendant(s) intend to respond to the demand by offering nothing, the response should state that expressly along with an explanation for this position.

*Id.*

On September 24, shortly after Plaintiffs had submitted their *ex parte* letter to the Court, counsel for the DPSCS Defendants asked the Court to postpone the conference. Ex. A-3, Sept. 24, 2025 e-mail from K. Donoho; ECF No. 168; Ex. A, Decl. of Jessica P. Weber ¶ 4. In both the DPSCS Defendants' e-mail to the Court and subsequent motion, they stated that they could not respond to Plaintiffs' monetary settlement demands "until further discovery can be completed." ECF No. 168 ¶ 11; *see* Ex. A-3. With respect to Plaintiffs' non-monetary demands—sent to them on August 19—Defendants asserted that they "have not had sufficient time to review and discuss the proposed terms with several members of its executive staff and its medical providers to

explore the programming, security, policy, logistical, and other issues raised in Plaintiffs' demand." ECF No. 168 ¶ 10. The DPSCS Defendants requested the Court postpone the settlement conference "to a later date, but before the dispositive motion deadline of March 27, 2026," representing to the Court that this would "allow DPSCS Defendants more time to secure the requisite authorization needed to meaningfully participate in any settlement discussion with Plaintiffs' counsel in this case." *Id.* ¶ 12. The Court postponed the settlement conference to February 5, 2026, with *ex parte* letters due by January 22, and noted that all other guidelines in its Order Scheduling Settlement Conference, ECF No. 159, remained in effect. ECF No. 170. Plaintiffs' counsel, Ms. Gilliam, and Ms. Holland had unnecessarily cleared their calendars for the now-cancelled October 8 settlement conference. Ex. A, Weber Decl. ¶ 5. They cleared their calendars again in advance of the rescheduled February 5 conference. *Id.* ¶ 6.

    As the rescheduled settlement conference approached, however, the DPSCS Defendants waited until the day *ex parte* letters were due to inform Plaintiffs that they would be unable to respond substantively to their settlement demands. Ex. A-4, Jan. 22, 2026 Letter from Counsel for DPSCS Defendants. On Plaintiffs' injunctive relief terms, the DPSCS Defendants vaguely discussed certain policy changes allegedly in progress, but noted that they could not "offer any affirmative commitments to your requests," or confirm with their medical providers "the feasibility of [Plaintiffs'] demands at this time." *Id.* at 2. With respect to monetary relief, the DPSCS Defendants stated that they would not revisit Plaintiffs' monetary demands or "extend an official monetary offer," until "the parties have completed discovery." *Id.* at 3. Notably, although discovery began in March 2025, Defendants did not serve discovery requests until September 23, 2025. Ex. A, Weber Decl. ¶ 7. Defendants have yet to notice any depositions in the case. *Id.*

3

Plaintiffs' counsel wrote back to counsel for the DPSCS Defendants on January 22, expressing frustration at the lack of any substantive response to their settlement demands and asking what they intended to do at the February 5 settlement conference to avoid wasting the Court's and all parties' time. Ex. A-5, Jan. 22, 2026 e-mail from J. Weber. As of the date of this motion, the DPSCS Defendants have yet to respond. Ex. A, Weber Decl. ¶ 9. YesCare has failed to respond in any way to Plaintiffs' September 4, 2025 settlement demand. *Id.* ¶ 3.

## Argument

The Court has authority to hold Defendants in contempt and impose sanctions pursuant to both Federal Rule of Civil Procedure 16(f) and its inherent authority. Rule 16(f) permits courts to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . (C) fails to obey a scheduling . . . order." Rule 37(b)(2)(A)(vii), in turn, authorizes a court to treat "as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Rule 16(f) requires courts to "order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

As this Court has previously held, the failure to obey an order scheduling a settlement conference is grounds for sanctions. *MHD-Rockland Inc. v. Aerospace Distributors Inc.*, 102 F. Supp. 3d 734, 739 (D. Md. 2015). After a litigant had unilaterally cancelled a settlement conference shortly before it was to occur, the other party moved for sanctions. *Id.* at 736. In granting the moving party's motion in part (the portion seeking reimbursement of costs and fees the party had spent preparing for the settlement conference, but not the portion seeking dismissal of the case as a sanction), the Court noted that it "must control its calendar, and litigants must not manipulate the court's time as if it had no value." *Id.* at 739. The Court observed that the cancelling

4

party's conduct "showed disrespect to the time Judge Coulson had already spent preparing for the conference" and "deprived him of his ability to hold a different settlement conference on [that date], or perform other work for the court that would have required more advance notice." *Id.* As such, "a late cancellation is a significant disruption to the efficient working of the court." *Id.* Pursuant to Rule 16(f)(2), the Court ordered the cancelling party "to pay the reasonable expenses— including attorney's fees—[the moving party] incurred because of" [the cancelling party's] noncompliance, that is, fees and costs [the moving party] incurred preparing for the conference" *Id.* at 740.

This Court also has authority to hold Defendants in contempt and issue sanctions pursuant its inherent powers. *Keyes L. Firm, LLC v. Napoli*, 120 F.4th 139, 143 (4th Cir. 2024) ("At the core of this inherent power is the authority to fashion an appropriate sanction for conduct which abuses the judicial process.") (internal quotation marks and citation omitted); *In re Howe*, 800 F.2d 1251, 1252 (4th Cir. 1986) ("The most prominent of [the inherent powers] is the contempt sanction, 'which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court.'" (quoting *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764 (1980)). The Supreme Court has "made clear that the inherent power to sanction extends to 'abuses of process occurring beyond the courtroom, such as disobeying the court's orders.'" *Keyes L. Firm, LLC*, 120 F.4th at 143 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 57 (1991)). Under this inherent authority, a court may award attorneys' fees as a sanction that are "attributable to the wrong," with a "focus . . . on making the victim whole." *Id.* at 145.

Here, Defendants have now violated this Court's settlement conference order on two separate occasions and have done so without any justification. First, in advance of the settlement conference scheduled for October 8, 2025, none of the Defendants timely responded to Plaintiffs'

settlement demands (which were timely sent). Exs. A-1 to A-3, Ex. A, Weber Decl. ¶¶ 2-3. YesCare failed to respond at all and the DPSCS Defendants responded late, only to say that they could not offer any substantive response—in contravention of the Court's order requiring a substantive response no later than three weeks before the conference. ECF No. 159 at 3; Ex. A-3; Ex. A, Weber Decl. ¶ 3. Although the Court's order required the parties to contact the Court by April 11, 2025, if they had a conflict and needed to reschedule the settlement conference, ECF No. 159 at 1, the DPSCS Defendants did not seek to postpone the settlement conference until the day the parties' *ex parte* letters were due, and after Plaintiffs prepared and submitted theirs to the Court. ECF No. 168; Ex. A, Weber Decl. ¶ 4.

Defendants again violated this Court's order in advance of the rescheduled settlement conference set for February 5, 2026. YesCare once again failed to provide any response to Plaintiffs' settlement demand and the DPSCS Defendants again waited until the day *ex parte* letters to the Court were due to inform Plaintiffs they still could not substantively respond to Plaintiffs' demands and would not be able to do so until discovery was completed. Ex. A, Weber Decl. ¶ 8; Ex. A-4. The DPSCS Defendants' position is surprising given that they had previously represented to the Court that a postponement of the conference from October to "a later date, but before the dispositive motion deadline of March 27, 2026," would "allow DPSCS Defendants more time to secure the requisite authorization needed to meaningfully participate in any settlement discussion with Plaintiffs' counsel in this case." ECF No. 168 ¶ 12. While the dispositive motions deadline has now been extended to June 25, 2025, ECF No. 174, the DPSCS Defendants are no further along in seeking whatever additional discovery they need than they were when they filed their postponement motion on September 25. Despite discovery commencing in March 2025 and the DPSCS Defendants receiving Plaintiffs' written discovery responses on

December 3, 2025, they have yet to notice (or even ask for dates for noticing) a single deposition in this case. Ex. A, Weber Decl. ¶ 7. Although the February 5 conference has not yet been postponed, Plaintiffs see no reason to go forward with it if Defendants are not prepared to engage in good faith settlement discussions on that date.

    Defendants' failure to comply with this Court's order and to engage in good faith settlement discussions in advance of long-scheduled settlement conferences is not only disrespectful of the Court's time and resources, but has also prejudiced Plaintiffs. Ms. Gilliam, Ms. Holland, and their counsel have cleared their schedules for all-day settlement conferences that either have been cancelled at the last minute or that now appear to be a waste of time. Ex. A, Weber Decl. ¶¶ 5-6. Because Ms. Gilliam and Ms. Holland could not engage in paid work on October 8 or February 5, Plaintiffs seek, as a sanction, that Defendants reimburse Ms. Gilliam and Ms. Holland for lost wages (calculated at Maryland's minimum wage for an eight-hour workday: \$15/hour x 8 hours = \$120 for each Plaintiff for each settlement conference day, or a total of \$480 in lost wages). Ex. A, Weber Decl. ¶¶ 5-6. Furthermore, Plaintiffs' counsel, in addition to clearing their schedules, spent time preparing *ex parte* letters in advance of both settlement conferences and incurred costs in delivering these letters to the Court. Pursuant to Rule 16(f)(2), Plaintiffs seek reimbursement of their attorneys' fees and costs spent preparing for both settlement conferences, as well as the time spent preparing this Motion—a total of \$17,370.10. A detailed breakdown of each fee entry and cost for which Plaintiffs seek reimbursement is attached as Exhibit A-6.

    Finally, Plaintiffs ask that the Court hold Defendants in contempt for violating its settlement conference order and impose a daily fine on each Defendant for each day that passes without them providing a substantive response to Plaintiffs' settlement demands, as required by the Court's order. Given Defendants' total disregard for this Court's settlement conference order and

7

the Court's and all parties' time and resources, such a measure is reasonable and necessary to ensure Defendants' future compliance.

## **Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and hold Defendants in contempt and impose sanctions. A proposed order is attached.

Dated: January 28, 2026

Respectfully submitted,

/s/
Eve L. Hill (Bar No. 19938)
Jessica P. Weber (Bar No. 17893)
Lauren A. DiMartino (Bar No. 22046)
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland  21202
(410) 962-1030 (phone)
(410) 385-0869 (fax)
ehill@browngold.com
jweber@browngold.com
ldimartino@browngold.com

Deborah M. Golden (Bar No. 18657)
The Law Office of Deborah M. Golden
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
202-630-0332
dgolden@debgoldenlaw.com

*Attorneys for Plaintiffs*