# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Northern Division)

CHELSEA GILLIAM, *et al.*,

                 *

   Plaintiffs,

                 *

v.                Civil Action No. MJM-23-1047

                 *

DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONAL SERVICES, *et al.*,

                 *

   Defendants.        *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DECLARATION OF JESSICA P. WEBER IN SUPPORT OF PLAINTIFFS'**
**MOTION TO HOLD DEFENDANTS IN CONTEMPT AND FOR SANCTIONS**

   I, Jessica P. Weber, am over the age of 18 years and competent to testify as to the matters set forth in this Declaration. All statements herein are based on my personal knowledge.

   1.  I am an attorney at Brown Goldstein & Levy, LLP, a law firm representing Plaintiffs in the above-referenced case.

   2.  On August 19, 2025, my colleague Eve Hill e-mailed counsel for the Department of Public Safety and Correctional Services ("DPSCS") and the individual Defendants (collectively, "DPSCS Defendants") Plaintiffs' settlement demand. A true and correct copy of this e-mail is attached as Exhibit 1 this declaration. As explained herein, the DPSCS Defendants have never responded substantively to this demand.

   3.  On September 4, 2025, I e-mailed counsel for YesCare Corp. Plaintiff Chloe Grey's settlement demand, a true and correct copy of which is attached to this declaration as

Exhibit 2. As of the date of this declaration, YesCare Corp. has yet to respond to this demand in any way.

4.      On September 23, 2025, counsel for the DPSCS Defendants e-mailed counsel for Plaintiffs to ask if we would consent to postponing the settlement conference scheduled for October 8. My colleague Lauren DiMartino responded that same day informing counsel for the DPSCS Defendants that we did not consent. On September 24, 2025, shortly after Plaintiffs had submitted their *ex parte* settlement letter to the Court, counsel for the DPSCS Defendants asked the Court to postpone the settlement conference. A true and correct copy of the September 24, 2025 e-mail from counsel for the DPSCS Defendants is attached to this declaration as Exhibit 3.

5.      When the Court scheduled the October 8, 2025, Plaintiffs Chelsea Gilliam and Kennedy Holland cleared their schedules so they could attend a full-day conference in court on that date. This meant that Ms. Gilliam and Ms. Holland lost the opportunity to engage in paid work that day. Plaintiffs' counsel also cleared their schedules for the day and avoided scheduling any other matters on October 8.

6.      After the settlement conference was rescheduled for February 5, 2026, Ms. Gilliam, Ms. Holland, and Plaintiffs' counsel once again cleared their schedules for that day so they could participate in an all-day settlement conference in court. Once again, Ms. Gilliam and Ms. Holland have given up their ability to engage in paid work on February 5.

7.      Although discovery in this case began in March 2025, the DPSCS Defendants did not serve any discovery requests until September 23, 2025. With the DPSCS Defendants' consent for an extension, Plaintiffs responded to their discovery requests on December 3, 2025. As of the date of this declaration, no Defendant has noticed, or even asked for dates for noticing, a single deposition in this case.

8.      On January 22, 2026, the day *ex parte* letters were due to the Court in advance of the February 5 settlement conference, the DPSCS Defendants e-mailed Plaintiffs a letter explaining that they would be unable to respond substantively to Plaintiffs' settlement demands. A true and correct copy of this letter is attached to this declaration as Exhibit 4. This was the first time the DPSCS ever responded to Plaintiffs' settlement demand in any way.

9.      Later on January 22, 2026, I responded by e-mail to counsel for the DPSCS Defendants, expressing frustration at the lack of any substantive response to our settlement demands and asking what they intended to do at the February 5 settlement conference to avoid wasting the Court's and all parties' time. A true and correct copy of this e-mail is attached to this declaration as Exhibit 5. As of the date of this motion, the DPSCS Defendants have failed to respond.

10.      Plaintiffs' counsel have spent time and money preparing for and submitting their *ex parte* letters to the Court. Plaintiffs' counsel have also spent time preparing the contemporaneously-filed Motion to Hold Defendants in Contempt and for Sanctions ("Sanctions Motion"). In total, Plaintiffs have incurred $17,357.50 in legal fees and $12.60 in costs preparing for the October 8 and February 5 settlement conferences and drafting the Sanctions Motion. A detailed breakdown of each fee entry and cost for which Plaintiffs seek reimbursement is attached as Exhibit 6 to this declaration. The hourly rates used in calculating these legal fees are the regular 2026 hourly rates my law firm charges paying clients and are thus our reasonable market rates. I can provide the Court with more information about how our law firm sets our hourly rates to ensure they are within a reasonable range within our relevant market if the Court wishes. I can also provide declarations from other attorneys in the area confirming the reasonableness of our firm's hourly rates if requested.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on: January 28, 2026                    _____
                                                 Jessica P. Weber