IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHELSEA GILLIAM, et al.,

    Plaintiffs

v.

DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONAL SERVICES, et al.

    Defendants.

Civil Action No.: 1-23-CV-01047-MJM

## YESCARE CORP.'S OPPOSITION TO PLAINTIFFS' MOTION TO HOLD DEFENDANTS IN CONTEMPT AND FOR SANCTIONS (ECF 176)

### I.    INTRODUCTION

Plaintiffs move to hold "Defendants" in contempt and to impose sanctions under Fed. R. Civ. P. 16(f) and the Court's inherent authority based primarily on alleged noncompliance with the Court's settlement conference order and related pre-conference obligations. ECF 176, P. 1. YesCare does not dispute that the parties' pre-conference settlement communications did not proceed as smoothly as they should have. But Plaintiffs' motion improperly (1) treats all Defendants as interchangeable, (2) seeks extraordinary remedies (contempt findings and daily fines) untethered to the governing standards, and (3) seeks fees, costs, and "lost wages" that are not shown to have been caused by any YesCare-specific conduct and are not a just order under Rule 16(f).

Most importantly, YesCare is not the Department of Public Safety and Correctional Services ("DPSCS"). YesCare is a contracted medical provider, not a custodial authority, and it cannot provide (and has never controlled) the custody, classification, transport, or security relief demanded from state correctional agencies. Plaintiffs' attempt to lump YesCare together with the

custody defendants both inflates the sanction narrative and obscures the merits: the claims against the medical defendants are substantively weak and do not justify punitive sanctions designed to coerce settlement.

YesCare respectfully requests that the Court deny the motion as to YesCare or, at minimum, limit any relief to a narrowly tailored, non-punitive directive proportional to the alleged noncompliance.

## II.     PROCEDURAL BACKGROUND RELEVANT TO THIS MOTION

Plaintiffs' Motion contends that:

1. The Court scheduled a settlement conference for October 8, 2025, and required written responses to demands in advance; ECF 176, P. 2.

2. Plaintiffs sent settlement demands to DPSCS/individual defendants (Aug. 19, 2025) and to YesCare (Sept. 4, 2025); *Id.*

3. The October conference was postponed and rescheduled for Feb. 5, 2026; the Court stated that the guidelines in the original scheduling order remained in effect; *Id.*

4. Plaintiffs claim YesCare "failed to respond in any way" to the Sept. 4 demand; *Id.*

5. Plaintiffs seek contempt, reimbursement of attorney fees/costs, "lost wages," and daily fines. *Id.*

YesCare addresses these contentions below and explains why the requested sanctions are improper and disproportionate.

## III.    STANDARD OF REVIEW

a. <u>Federal Rule of Civil Procedure16(f)</u>

Federal Rule of Civil Procedure 16(f) authorizes sanctions when a party "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). The Rule permits the court to issue

"any just orders," including the sanctions listed in Rule 37(b)(2)(A)(ii)–(vii). These sanctions range from evidentiary limitations to default, but Rule 16(f)(2) also separately authorizes a narrower remedy: the imposition of reasonable expenses — including attorney's fees — caused by the noncompliance.  Federal Rule of Civil Procedure 16 governs pretrial conferences, scheduling, and general case management. Subsection (f) of that rule, titled "Sanctions," provides as follows:

> (1) *In General*. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
> (C) fails to obey a scheduling or other pretrial order.
> Fed. R. Civ. P. 16(f). Rule 16(f) incorporates by reference several of the sanctions Rule 37(b)(2)(A) authorizes when a party has failed to obey a discovery order. Those sanctions include:
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. *MHD-Rockland Inc. v. Aero. Distribs. Inc.*, 102 F. Supp. 3d 734 (D. Md. 2015).

Against this backdrop, *Rockland* illustrates the limited and primarily compensatory purpose of sanctions under Rule 16(f). Importantly, *Rockland* involved an undisputed, concrete violation: a party's general counsel sent the magistrate judge an unsolicited email purporting to cancel a court-ordered settlement conference on a federal holiday, two days before it was to occur — after the judge had reviewed both *ex parte* submissions. *Id.* The court held this was a violation of Rule 16(f)(1)(C) because only the court may cancel its own order, and the last-minute cancellation disrupted the Court's docket. *Id.*

3

Even then, the court rejected severe sanctions, noting that without (1) a prior warning, (2) prejudice to the opposing party, and (3) a pattern of disobedience, dismissal or default would be inappropriate, and applied only Rule 16(f)(2) — awarding the limited fees "incurred because of" preparing for the cancelled conference. *Id.* at 740. Thus, *Rockland* stands for a narrow, compensatory approach — not contempt fines, coercive penalties, or broad punitive remedies.

b. Federal Rule of Civil Procedure 37

Rule 37(b)(2)(A) is available only when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Without a prior, specific discovery order, contempt under Rule 37(b) is premature. *McFeeley v. Jackson St. Entm't, LLC*, Civil Action No. DKC 12-1019, 2016 U.S. Dist. LEXIS 52645 (D. Md. Apr. 13, 2016). (denying contempt where the failure to provide discovery had not violated any court order.)

Separate from the Rules, courts retain inherent power to address litigation abuses; however, because Rule 37(b) contempt requires a preexisting discovery order, and Rule 37(a) provides a documented-expense mechanism following a granted motion to compel, inherent-authority sanctions are unnecessary where the Rules already supply narrower relief tailored to the conduct at issue. *McFeeley v. Jackson St. Entm't, LLC*, Civil Action No. DKC 12-1019, 2016 U.S. Dist. LEXIS 52645 *8 (D. Md. Apr. 13, 2016). (finding that Plaintiffs' request for an order holding Defendants in contempt and for sanctions under Federal Rule of Civil Procedure 37(b)(2)(a) was premature.)

c. Local Rule 105.8

The Local Rules expressly provide that "motions for sanctions will not be filed as a matter of course," and the Court may impose sanctions on parties who file unjustified sanctions motions. D. Md. Loc. R. 105.8. This admonition is particularly relevant here because Plaintiffs

4

seek extraordinary remedies (contempt, daily fines) although the settlement conference had not then yet occurred and less drastic, case-management tools are available.

The Local Rules emphasize cooperation, good faith problem-solving, and proportionality in seeking court intervention. Here, Plaintiffs did not attempt a YesCare-specific conferral aimed at a practical cure (e.g., exchanging a short-written response, clarifying authority, or narrowing what could be meaningfully addressed pre-conference). Instead, Plaintiffs filed a sanctions motion that sweeps YesCare into conduct largely attributed to other named defendants.

Plaintiffs rely on Rule 16(f) and the Court's inherent authority and request contempt and daily fines. Contempt and coercive daily fines are extraordinary measures typically reserved for clear, specific, and willful violations that cannot be addressed through lesser remedies. Plaintiffs have not made that showing as to YesCare.

## IV.     IV ARGUMENT

### A. Plaintiffs' Application of *MHD-Rockland* is Inapposite

Plaintiffs' reliance on *MHD-Rockland* is misplaced. In *Rockland*, the sanctionable conduct consisted of an undisputed and improper unilateral cancellation of a court-ordered settlement conference two days before it was to occur — the type of concrete, disruptive violation Rule 16(f) is designed to address. *Rockland,* 102 F. Supp. 3d at 739–40. No similar conduct occurred here. YesCare did not cancel or impede a court-ordered conference. YesCare did not fail to appear, or disrupt the Court's docket. Plaintiffs instead complain about the substance of Defendants' written settlement responses — a subject *Rockland* does not address, and Rule 16(f) does not regulate. *Rockland* imposed only a narrow compensatory remedy for expenses "incurred because of" the violation, not the contempt sanctions, daily fines, lost wages, and broad fee-shifting Plaintiffs seek. *Id*. at 740. (considering that "the court must order the party, its attorney, or both to pay the

5

reasonable expenses… incurred because of any noncompliance with this rule [Rule 16(f)(2)], unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust.") Because Plaintiffs show no warning, no pattern of noncompliance, and no prejudice of the kind recognized in *Rockland*, their request for coercive and punitive sanctions finds no support in that decision.

Plaintiffs invoke Rule 16(f) and seek contempt and daily fines via rule 37(b). But *McFeeley* holds that Rule 37(b)(2)(A) "applies only when a party has failed to obey a court order," and denied contempt where no such order had been violated. The court instead directed the proper course: compel responses, and only then considered documented expenses under Rule 37(a)(5)(A). *MHD-Rockland Inc. v. Aero. Distribs. Inc.,* 102 F. Supp. 3d 734 (D. Md. 2015).

B. <u>Plaintiffs' Motion improperly lumps YesCare with DPSCS and seeks collective punishment untethered to YesCare-specific conduct.</u>

Plaintiffs' narrative focuses on defendant DPSCS' timing, postponement requests, and discovery posture. YesCare is mentioned only briefly, and the only YesCare-specific allegation is that it "failed to respond in any way" to Plaintiffs' September 4, 2025, demand. ECF 176. That is not a proper basis for the sweeping relief sought against "Defendants" collectively—especially where Plaintiffs demand contempt findings and daily fines against each defendant. Sanctions must be causally linked to the conduct of the party to be sanctioned and tailored to cure any prejudice allegedly caused by that party.

C. <u>Even assuming imperfect pre-conference communications, Plaintiffs have not shown sanctionable prejudice caused by YesCare warranting contempt, fines or broad fee-shifting</u>

Plaintiffs claim prejudice based on: (1) having cleared calendars for two settlement-conference dates, and (2) attorney time spent preparing *ex parte* letters and the instant motion. But

6

Plaintiffs identify no prejudice caused by YesCare specifically, as required for sanctions under Rule 16(f) or Rule 37(a)(5) The record reveals the following:

- The October 2025 settlement conference was postponed by State Defendants, not by YesCare;

- Plaintiffs' asserted lost wages stem from the postponed October session and the still-scheduled February Conference

- Plaintiffs never renewed their demand to YesCare after the October postponement, never conferred with YesCare thereafter, and made no effort whatsoever to engage YesCare before filing their sanctions motion.

These facts sever any causal link between YesCare's conduct and Plaintiffs' alleged burdens. The absence of causation is dispositive under *McFeeley*, where the court awarded only those fees "incurred in making the motion" and directly attributable to the violation at issue. *McFeeley v. Jackson St. Entm't, LLC*, Civil Action No. DKC 12-1019, 2016 U.S. Dist. LEXIS 52645 (D. Md. Apr. 13, 2016). (finding that plaintiffs failed to provide documentation supporting their request of $500 and ordering that plaintiffs file documentation supporting their request for reasonable expenses under Rule 37(a)(5)(A).)

1. *"Lost wages" request is speculative and not linked to YesCare.*

Plaintiffs request "lost wages" for two plaintiffs for two conference dates, calculated at minimum wage for an 8-hour day for Ms. Gilliam and Ms. Holland. ECF 176, P. 7. There is no YesCare-specific showing that any plaintiff's inability to work on those dates was attributable to YesCare's conduct, particularly where the October date was postponed at the request of other defendants, and the February date had not been then cancelled by the Court. Furthermore,

7

Plaintiffs never communicated with YesCare regarding the settlement positions for either of the two plaintiffs claiming lost wages, Ms. Gilliam and Ms. Holland.

2. *Fees for preparing settlement letters are not automatically sanctionable as to YesCare.*

Plaintiffs state that they drafted *ex parte* letters twice and seek attorney's fees and costs for preparing *ex parte* letters and for preparing this motion and now seek to shift those fees to YesCare. Plaintiffs offer no tailored allocation tying those claimed fees to YesCare's conduct. In a multi-defendant case, any award must be carefully tailored; Plaintiffs' across-the-board request is not. But this claim suffers from multiple defects. Plaintiffs' first *ex parte* submission was rendered unnecessary because the State Defendants, not YesCare, requested a postponement on the very day the letter was due. ECF 176, P. 6. Secondly, Plaintiffs never communicated with YesCare about Chloe Gray's $85,000 demand after the October postponement even though YesCare did receive the September settlement demand and Plaintiffs knew the conference had been reset.

Plaintiffs say they prepared full *ex parte* letters twice — once for the October 8, 2025, conference and again for the February 5, 2026, conference. But the motion does not identify any material changes in the case that required *duplicative, full-scale* preparation. The motion simply asserts that they "prepared ex parte letters" twice, without describing:

- what new evidence emerged,
- what new damages theories were added,
- what medical or custody facts changed, or
- why prior analyses or summaries could not simply be updated.

A court evaluating a Rule 16(f)(2) fee request may consider whether the claimed fees were reasonably incurred and caused by the alleged noncompliance. Plaintiffs have not made that

8

showing here. Their fees request treats the second round of preparation as though they had to start from zero — and this Court will immediately notice that they never justify that.

   3. *Daily fines are punitive and unnecessary.*

Plaintiffs ask for a daily fine "on each Defendant" until "substantive responses" are provided. Daily coercive fines are unnecessary where a simpler and less punitive remedy exists: ordering targeted compliance by a date certain (if the Court finds that appropriate). *MHD-Rockland Inc. v. Aero. Distribs. Inc.,* 102 F. Supp. 3d 734 (D. Md. 2015) (considering less severe sanctions when the court had not had the opportunity to provide a warning.)

   D. <u>YesCare can and will cure any perceived deficiency promptly</u>

Without waiving any objections, YesCare is prepared to serve a concise written response addressing: (1) the categories of relief sought that are actually within YesCare's ability to address (medical care policies, clinical practices, training, documentation, etc.), and (2) YesCare's position on monetary and non-monetary terms in light of the procedural posture and the merits. Plaintiffs' own motion acknowledges that the case remains in active discovery and that dispositive deadlines have moved. ECF 176, PP. 3, 6. A cure-focused approach is far more consistent with Rule 16's case-management purpose than contempt findings and fines.

   E. <u>Plaintiffs' requested relief is especially inappropriate because the claims against YesCare are weak on the merits</u>

Even setting aside the procedural defects in Plaintiffs' sanctions motion, Plaintiffs' effort to impose collective punitive measures obscures a core reality: the claims asserted against the medical defendants—including YesCare—are factually thin, contradicted by contemporaneous medical records, and fail to satisfy the high burden of the constitutional deliberate-indifference standard. Plaintiffs' allegations rely heavily on broad conclusions and rhetoric, but the medical

9

documentation simply does not support a narrative of "months-long deprivation" of hormone therapy or "systemic denial" of medically necessary care.

F. Local Rule 105.8 supports denying unjustified or overbroad sanctions requests

The Local Rules expressly caution that sanctions motions should not be routine and warn that the Court may sanction unjustified sanctions motions. Plaintiffs' motion—seeking contempt, daily fines, and broad fee-shifting against all defendants, while offering little YesCare-specific analysis—falls on the wrong side of that caution.

V. CONCLUSION

For these reasons, Plaintiffs' motion should be denied as to YesCare. Plaintiffs have not demonstrated any YesCare-specific violation of the Court's order, any prejudice caused by YesCare, or any basis for the extraordinary sanctions they seek. To the extent the Court identifies any curable deficiency, a narrow, non-punitive directive—not contempt or fines—would fully address it. YesCare stands ready to comply with any such directive.

Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.**

By:    /s/ *Grace A. Olubowale*
Grace A. Olubowale (Bar No. 31534 )
golubowale@moodklaw.com
600 Baltimore Avenue, Suite 305
Towson, Maryland 21204
(410) 339-6880   Office
(410) 339-6881   Fax
***Attorneys for Defendant, YesCare Corp.***

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on February 17, 2026, a copy of the foregoing document was electrically transmitted to this court and all counsel of record.

                                                                                              /s/ *Grace A. Olubowale*
                                                                               Grace A. Olubowale (Bar No. 31534 )

4908-7677-3516, v. 2